IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 2:07-CV-820-MEF |
| | ) PLAINTIFF DEMANDS JURY TRIAL |
| CRACKER BARREL OLD COUNTRY | ) |
| STORE, INC., a corporation licensed and | ) |
| doing business in Alabama, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Jerome Kelley, by and through his attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court pursuant to 42 U.S.C. § 2000e, 28 U.S.C. § 1331, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367 to obtain declaratory relief and compensatory and punitive damages.

2. The violations of Plaintiff's rights, as alleged herein, occurred in Butler County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. More specifically, the incidents alleged herein occurred at Defendant's establishment situated at 180 Interstate Drive in Greenville, Alabama.

## PARTIES

3. Plaintiff Jerome Kelley (hereinafter "Plaintiff") is over the age of nineteen (19) years and is, and at all times material hereto was, a citizen of the United States and the State of Alabama, residing in Autauga County, Alabama.

4. Defendant Cracker Barrel Old Country Store, Inc. (hereinafter "Defendant") is, to the best of Plaintiff's knowledge and belief, a Tennessee corporation licensed and doing business in the State of Alabama.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of Defendant's wrongs alleged herein.

## FACTS

6. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7. Plaintiff is a black male and as such is a member of a protected class.

8. Plaintiff began working for Defendant on or around January 2003. At the time of the incidents alleged herein, Plaintiff was General Manager at Defendant's Greenville, Alabama location. Plaintiff worked alongside Kim Goodnight (hereinafter, "Kim"), a white female, who was the Retail Manager at this same location.

9. Plaintiff worked under the direct supervision of Mark Lausman (hereinafter, "Mark") and Beth (whose last name is not known), both being white, who are District Managers for Defendant.

10. During his employment with Defendant, Plaintiff was never written-up or reprimanded because of his performance.

11. Kim consistently either reported late or failed to report to work entirely. On several occasions, she reported to work but appeared to be incoherent.

12. On several occasions, Kim served food or drinks to white employees but denied the same to black employees.

13. Plaintiff repeatedly complained to both Mark and Beth about Kim's disorderly and discriminatory conduct. However, both Mark and Beth acquiesced in Kim's activities by either refusing or failing to take any action against Kim.

14. On or around July 10, 2006, Plaintiff made several complaints to Mark and Beth regarding Kim's disorderly, disruptive and discriminatory conduct. In response to his complaints, Kim complained to management that Plaintiff had threatened her.

15. Immediately after the events alleged in the foregoing paragraph, Defendant fired Plaintiff without any investigation or inquiry into Kim's allegations. Defendant failed or refused to provide Plaintiff with any administrative meeting to discuss his position regarding Kim's allegations.

16. Plaintiff has fulfilled all conditions precedent to the filing of this action. Specifically, Plaintiff has filed a timely claim with the U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC"), received a Notice of Right to

Sue from the EEOC and filed this Complaint within ninety (90) days of his receipt of the Notice.

## CLAIMS FOR RELIEF

17. As to each of the claims for relief herein set forth below, Plaintiff expressly adopts as if fully set forth therein the allegations of the foregoing paragraphs.

## FIRST CLAIM FOR RELIEF
## RACE-BASED DISCRIMINATION – TITLE VII OF THE CIVIL RIGHTS ACT

18. Defendant, through its supervisors Mark and Beth, terminated Plaintiff's employment.

19. Defendant's decision to terminate Plaintiff was motivated by race-based discrimination and stereotypes, including those of its supervisors.

20. Defendant's supervisors personally acted with malice or reckless indifference to Plaintiff's federally protected rights. Defendant failed to make a good faith attempt to comply with the law by failing to prevent or prohibit discrimination in the work place.

21. Upon information and belief, Defendant's discriminatory action against Plaintiff was part of a pattern and practice of race-based discrimination.

22. As a result of the incidents alleged herein, Plaintiff was subjected to disparate and adverse employment action to which members of non-protected groups were not subjected.

23. As a proximate consequence of Defendant's actions, Plaintiff has suffered loss of income and benefits, severe emotional pain, and mental anguish.

## SECIND CLAIM FOR RELIEF
## GENDER-BASED DISCRIMINATION–TITLE VII OF THE CIVIL RIGHTS ACT

24. Defendant, through its supervisors Mark and Beth, terminated Plaintiff's employment.

25. Defendant's decision to terminate Plaintiff was motivated by gender-based discrimination and stereotypes, including those of its supervisors.

26. Defendant's supervisors personally acted with malice or reckless indifference to Plaintiff's federally protected rights. Defendant failed to make a good faith attempt to comply with the law by failing to prevent or prohibit discrimination in the work place.

27. Upon information and belief, Defendant's discriminatory action against Plaintiff was part of a pattern and practice of gender-based discrimination.

28. As a result of the incidents alleged herein, Plaintiff was subjected to disparate and adverse employment action to which members of non-protected groups were not subjected.

29. As a proximate consequence of Defendant's actions, Plaintiff has suffered loss of income and benefits, severe emotional pain, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief against Defendant as follows:

a)  Enter a declaratory judgment that Defendant's policies and practices complained of herein are unlawful and violative of Plaintiff's rights, as address by and through 42 U.S.C. § 2000e;

b)  For violation of Title VII of the Civil Rights Act of 1964, grant actual, compensatory and punitive damages, in an amount yet to be ascertained;

c)  Grant Plaintiff such equitable relief as would effectuate the purpose of the statutes invoked, including back pay, benefits, accrued leave, liquidated damages, reinstatement or, in lieu of reinstatement, a reasonable sum of money for front pay;

d)  Grant Plaintiff the cost of this action including reasonable attorney's fees, prejudgment interests, costs; and

e)  Grant such other and further relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of this Court.

RESPECTFULLY SUBMITTED this the 11th day of September, 2007.

/s/ Andy Nelms
Keith Anderson Nelms
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
847 So. McDonough Street, Ste 100
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
andynelms@JayLewisLaw.com
ASB-6972-E63K

DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:

Cracker Barrel Old Country Store, Inc.
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000409
Cashier ID: cstrecke
Transaction Date: 09/12/2007
Payer Name: ADAM M PORTER

---

CIVIL FILING FEE
  For: ADAM M PORTER
  Case/Party: D-ALM-2-07-CV-000820-001
  Amount:         $350.00

---

CHECK
  Remitter: ADAM M PORTER
  Check/Money Order Num: 3424
  Amt Tendered: $350.00

---

Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DALM207CV000820-MEF

KELLEY V CRACKER BARRELL

ADAM M PORTER

2301 MORRIS AVE SUITE 102

BIRMINGHAM, AL  35203