IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEROME KELLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Case No. 2:07-CV-820-MEF** |
| v. ) | |
| ) | |
| **CRACKER BARREL OLD** ) | |
| **COUNTRY STORE, INC.** ) | |
| ) | |
| Defendant. ) | |

<u>**CRACKER BARREL OLD COUNTRY STORE, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**</u>

COMES NOW, Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel"), and hereby responds to the Complaint filed by Jerome Kelley ("Plaintiff") as follows:

<u>**JURISDICTION AND VENUE**</u>

1.

Defendant admits that this Court has jurisdiction over this proceeding pursuant to 42 U.S.C. § 2000e and 28 U.S.C. § 1331. Defendant denies that Plaintiff properly invokes the supplemental jurisdiction of this Court. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

1

2.

Defendant admits that the allegations upon which Plaintiff's claims purport to be based occurred at Defendant's store located at 180 Interstate Drive in Greenville, Butler County, Alabama. Defendant admits that Butler County, Alabama is located geographically within the Northern Division of the Middle District of Alabama. Defendant denies any "violation of Plaintiff's rights." Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

3.

Upon information and belief, Defendant admits that Plaintiff is over the age of nineteen years old. Defendant lacks sufficient information to admit or deny, and therefore denies, that Plaintiff "at all times material hereto was a citizen of the United States and the State of Alabama, residing in Autauga County, Alabama." Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.

Defendant admits that it is a Tennessee corporation licensed to and lawfully conducting business in the State of Alabama. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

## NATURE OF PROCEEDINGS

5.

Defendant admits that this lawsuit purports to seek injunctive and declaratory relief, as well as compensatory and punitive damages. Defendant denies that it is liable for any such relief and/or damages. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## ALLEGED FACTS

6.

Defendant incorporates by reference each and every admission and denial set forth in Paragraphs 1 through 5 as if fully restated herein.

7.

Upon information and belief, Defendant admits that Plaintiff is a Black male. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.

Defendant admits that it hired Plaintiff on or around January 13, 2003. Defendant further admits that, from December 16, 2004 through July 12, 2006, Plaintiff was the General Manger of Defendant's Greenville, Alabama store. Defendant further admits that Kim Goodnight was the Retail Manager at that same store during some of the time Plaintiff was the General Manager there. Upon information and belief, Defendant believes that Kim Goodnight is a White female. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9.

Defendant admits that, for part of the time Plaintiff was the General Manager of the Greenville, Alabama store, Mark Lausman was the Restaurant District Manager over that same store. Defendant further admits that during that time, Plaintiff directly reported to Mark Lausman. Defendant further admits that, for part of the time that Plaintiff was the General Manager of the Greenville,

Alabama store, Beth Rhame was the Retail District Manager over that store. Upon information and belief, Defendant believes that both Mark Lausman and Beth Rhame are White. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.

Defendant lacks sufficient information to admit or deny, and therefore denies, each and every allegation set forth in Paragraph 10 of the Complaint.

11.

Defendant admits that, on occasion, Kim Goodnight did not report to work at the time indicated on the schedule of employee hours, as posted at the Greenville, Alabama store. Defendant further admits that, on one occasion, Kim Goodnight did not report to work due to a family funeral. Defendant lacks sufficient information to admit or deny, and therefore denies, the remaining allegations set forth in Paragraph 11 of the Complaint.

12.

Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13.

Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14.

Defendant admits that, on or about July 10, 2006, Plaintiff informed Mark Lausman that he had been involved in an unspecified incident with Kim Goodnight. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.

Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

16.

Upon information or belief, Defendant admits that Plaintiff filed or caused to be filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC). Defendant further admits that Plaintiff filed or caused to be filed this Complaint after receiving a Notice of Right to Sue from the EEOC. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 16 of the Complaint.

## CLAIMS FOR RELIEF

17.

Defendant incorporates by reference each and every admission and denial set forth in Paragraphs 1 through 16 as if fully restated herein.

### FIRST CLAIM FOR RELIEF
### ALLEGED RACE-BASED DISCRIMINATION –
### TITLE VII OF THE CIVIL RIGHTS ACT

18.

Defendant admits that it terminated Plaintiff's employment. Defendant further admits that Mark Lausman informed Plaintiff of the Company's decision to terminate his employment. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.

Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

20.

Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.

Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.

Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.

Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

## SECOND CLAIM FOR RELIEF
## ALLEGED GENDER-BASED DISCRIMINATION –
## TITLE VII OF THE CIVIL RIGHTS ACT

24.

Defendant admits that it terminated Plaintiff's employment. Defendant further admits that Mark Lausman informed Plaintiff of the Company's decision to terminate his employment. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25.

Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.

Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

27.

Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

28.

Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint.

29.

Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to each and every form of relief contained in this paragraph or in the Complaint, subparts (a) through (xx) inclusive.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff's Complaint sets forth a demand for a jury trial, but denies that Plaintiff is entitled to a jury trial for any of the claims they assert in this matter.

## GENERAL DENIAL

To the extent not already specifically addressed above, Defendant denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted by this Court.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred because they exceed the scope of any charge or complaint filed by Plaintiff with the EEOC and thus exceed the scope of any investigation reasonably related thereto.

## FOURTH DEFENSE

To the extent Plaintiff failed to satisfy some or all of the conditions precedent and/or other statutory prerequisites required under Title VII, such claims are barred.

## FIFTH DEFENSE

Plaintiff is not entitled to some or all of the relief required in the Complaint because neither Defendant nor any of its officers, directors, or managing agents committed any act or omission with willful, malicious, or reckless disregard for Plaintiff's rights, nor did Defendant authorize or ratify any such act or omission.

## SIXTH DEFENSE

Defendant denies that Plaintiff's race and/or gender played any impermissible role in the employment decision(s) relating to Plaintiff and that every action taken by Defendant with regard to Plaintiff's employment was taken for legitimate, non-discriminatory business reasons, unrelated to Plaintiff's race and/or gender. Alternatively, even if some impermissible motive were a factor in any of those decisions, which Defendant denies, the same decisions would have been reached for one or more legitimate, non-discriminatory business reasons.

## SEVENTH DEFENSE

Even if any employee who allegedly discriminated against Plaintiff was a "managerial agent" for the Defendant and was acting within the scope of employment, which Defendant denies, the alleged discrimination was contrary to Defendant's good faith efforts to comply with federal and/or state law, such that punitive damages may not be imposed against it.

## EIGHTH DEFENSE

Because no tangible employment action was taken against Plaintiff by Plaintiff's supervisor or one with supervisory authority over Plaintiff in conjunction with any claim of harassment, and because Cracker Barrel maintains a specific policy describing unlawful harassment, prohibiting the same, and setting forth a Complaint procedure for an employee with a Complaint of harassment which Plaintiff unreasonably failed to utilize, Plaintiff's harassment and related claim(s) for damages are barred.

## NINETH DEFENSE

Plaintiff's claims for punitive damages are barred because any imposition of punitive damages under the claims alleged would constitute a denial of due process under the United States Constitution and the Constitution of the State of Alabama.

TENTH DEFENSE

In the event that Defendant discovers or otherwise learns of evidence to which the "after acquired" evidence doctrine applies, as per <u>McKennon v. Nashville Banner Publishing Co.</u>, 115 S. Ct. 879 (1995), Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred or reduced by his failure to exercise reasonable diligence to mitigate his alleged damages. Alternatively, any claim for damages must be reduced by any pay, benefits or other compensation earned by Plaintiff for any period in question.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Cracker Barrel respectfully requests that at the conclusion of this action, the Court grant it the following relief:

1) Dismiss each and all of Plaintiff's claims in their entirety and with prejudice;

2) Deny each and every prayer for relief identified in Plaintiff's Complaint; and

3) Award against Plaintiff, Cracker Barrel's reasonable attorneys' fees and costs associated with defending this action, along with such other and further relief as the Court may deem proper.

Respectfully submitted this 4th day of October, 2007.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**<br>1600 Wachovia Tower<br>420 20th Street North<br>Birmingham, Alabama 35203<br>Phone: 205.328.0480<br>Fax: 205.322.8007 | /s/ Harriet Thomas Ivy<br>Harriet Thomas Ivy<br>Alabama State Bar No. 2901-T531<br>Email: hivy@bakerdonelson.com |
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**<br>Six Concourse Parkway<br>Suite 3100<br>Atlanta, Georgia 30328<br>Phone: 678.406.8700<br>Fax: 678.406.8816 | David E. Gevertz, Esq.<br>*Pro hac vice admission pending*<br>Georgia Bar No. 292430<br>Email: dgevertz@bakerdonelson.com<br><br>Stephen P. Pocalyko, Esq.<br>*Pro hac vice admission pending*<br>Georgia Bar No. 582602<br>Email: spocalyko@bakerdonelson.com<br><br>*Attorneys for Defendant*<br>*Cracker Barrel Old Country Store, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEROME KELLEY** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CRACKER BARREL OLD** )<br>**COUNTRY STORE, INC.** )<br>)<br>Defendant. ) | **Civil Case No. 2:07-CV-820-MEF** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing **CRACKER BARREL OLD COUNTRY STORE, INC'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court by using the CM/ECF system which will send notification of such filing to the following CM/ECF counsel of record:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@JayLewisLaw.com

This 4th day of October, 2007.

/s/ Harriet Thomas Ivy
Harriet Thomas Ivy
ASB No. 2901-T531