## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JEROME KELLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** ) | |
| ) | |
| **CRACKER BARREL OLD** ) | |
| **COUNTRY STORE, INC.** ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY

Defendant Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1.  Defendant submits as follows:

## FACTUAL PREDICATE

On November 1, 2007, Defendant served the following discovery requests on Plaintiff: (1) Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories ("Defendant's First Interrogatories"); (2) Defendant Cracker Barrel Old Country Store, Inc.'s First Requests for Production of Documents

("Defendant's First Requests to Produce"); and (3) Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Admissions ("Defendant's First Requests to Admit"). <u>See</u> Defendant's First Interrogatories, attached as Exhibit A; Defendant's First Requests to Produce, attached as Exhibit B; and Defendant's First Requests to Admit, attached as Exhibit C. Specifically, Defendant served these requests (collectively "Defendant's Requests" or "its Requests") on Plaintiff, through its counsel of record, via U.S. first class mail at the following address: Keith Anderson Nelms, Esq., Law Offices of Jay Lewis, LLC, 847 So. McDonough Street, #100, Montgomery, Alabama 36104. The following day, Defendant forwarded a courtesy copy of Defendant's Requests to Plaintiff's counsel of record via email (at andynelms@andersonnelms.com). <u>See</u> Courtesy Email, attached as Exhibit D.

Per the Federal Rules of Civil Procedure ("the Federal Rules"), Plaintiff's responses and objections, if any, to each of Defendant's Requests (collectively "Plaintiff's Responses" or "its Responses") were due on Thursday, December 6, 2007. <u>See</u> Fed. R. Civ. P. 33(b)(3), 34(b), and 36(a). As of the close of business today, Monday, December 17, 2007, Defendant has yet to receive <u>any</u> such responses.

On December 11, 2007, Defendant contacted Plaintiff's counsel of record (by U.S. first class mail, by fax, and by email) regarding Plaintiff's non-response to Defendant's Requests.  See Non-Response Letter, attached as Exhibit E; Non-Response Fax, attached as Exhibit F; and Non-Response Email, attached as Exhibit G.  Defendant requested that Plaintiff provide its responses by the close of business on Thursday, December 13, 2007.  Plaintiff has not provided any response whatsoever.  Moreover, Plaintiff has not even sought to communicate with Defendant regarding the status of those responses.

## ARGUMENT

### 1.   Plaintiff's Responses Have Not Been Timely Served.

Federal Rule of Civil Procedure 33 ("Rule 33") requires that, "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after service of the interrogatories."  Fed. R. Civ. P. 33(b)(3) (2007) (emphasis added).   Likewise, Federal Rule of Civil Procedure 34 ("Rule 34") requires that, "[t]he party upon whom the request [for production of documents] is served shall serve a written response within 30 days after the service of the request."  Fed. R. Civ. P. 34(b) (2007) (emphasis added). Federal Rule of Civil Procedure 36 ("Rule 36") further requires that "the party to whom a request [for admission] is directed" serve a "written answer or objection"

"within 30 days after service of the request." Fed. R. Civ. P. 36(a) (2007) (emphasis added).

Here, Defendant served its Requests on Plaintiff via U.S. first class mail on Thursday, November 1, 2007. The first day of Plaintiff's 30-day response period for Defendant's Requests was Friday, November 2, 2007. See Fed. R. Civ. P. 6(a) (2007) ("the day of the act, event, or default from which the designated period of time begins to run shall not be included.") The last day of Plaintiff's 30-day response period for Defendant's Requests was Monday, December 3, 2007. See id. ("[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ....") However, Defendant served its Requests on Plaintiff by U.S. first class mail. See Fed R. Civ. P. 5(b)(2)(B) (2007). As such, "[three] days are added after the prescribed period would otherwise expire." Fed R. Civ. P. 6(e) (2007). Therefore, Plaintiff's Responses were due on Thursday, December 6, 2007.

As of the close of business today, Monday, December 17, 2007, Plaintiff's Responses have not been served on Defendant.

## 2.    Plaintiff's Objections to Defendant's First Interrogatories are Waived.

Rule 33 states that, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived

4

unless the party's failure to object is excused by the court for good cause shown." Fed R. Civ. P. 33(b)(4) (2007) (emphasis added).

As calculated above, Plaintiff's responses and objections, if any, to Defendant's First Interrogatories were due on Thursday, December 6, 2007. As of the close of business today, Monday, December 17, 2007, Plaintiff has not served those objections upon Defendant. As such, Plaintiff has <u>not</u> timely objected to Defendant's First Interrogatories. Therefore, its objections are waived.

**3.    <u>Plaintiff's Objections to Defendant's First Requests to Produce are Waived.</u>**

Rule 34 pertaining to requests for the production of documents does not contain an <u>explicit</u> provision whereby any ground not stated in a timely objection is waived. <u>See generally</u> Fed. R. Civ. P. 34. That said, courts have determined that the waiver provision contained Rule 33 pertaining to interrogatories is <u>implicit</u> in Rule 34. <u>See</u> Fed. R. Civ. P. 33(b)(4) (2007); <u>Essex Ins. Co. v. Neely</u>, 236 F.R.D. 287 (N.D.W. Va. 2006) (while Rule 34 does not contain the same specificity and wavier provisions as Rule 33, the Advisory Committee notes to Rule 34 state that the procedure for Rule 34 is essentially the same as for Rule 33); <u>Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.</u>, 200 F.R.D. 255 (M.D.N.C. 2001) (waiver is implicit in Rule 34's requirement that objections be explicitly stated).

Plaintiff's responses and objections, if any, to Defendant's First Requests to Produce were due on Thursday, December 6, 2007. As of the close of business today, Monday, December 17, 2007, Plaintiff has not served those objections upon Defendant. As such, Plaintiff has <u>not</u> timely objected to Defendant's First Requests to Produce. Therefore, its objections are waived.

**4.    Defendant's First Requests to Admit are Deemed Admitted.**

Rule 36 states that, "[t]he matter is <u>admitted</u> unless, within 30 days after service of the request … the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter …." Fed R. Civ. P. 36(a) (2007) (emphasis added).

Plaintiff's responses and objections, if any, to Defendant's First Requests to Admit were due on Thursday, December 6, 2007. As of the close of business today, Monday, December 17, 2007, Plaintiff has not served those responses upon Defendant. As such, Plaintiff has <u>not</u> timely served its responses to Defendant's First Requests to Admit. Therefore, all such requests are admitted.

**5.    Plaintiff is Required to Pay Defendant for Reasonable Expenses Incurred in Making this Motion.**

Federal Rule of Civil Procedure 37 ("Rule 37") pertaining to orders compelling discovery states that:

> If a motion [to compel disclosure or discovery] is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award or expenses unjust.

Fed R. Civ. P. 37(a)(4)(A) (2007) (emphasis added).

Here, Plaintiff has not provided any responses to Defendant's Requests, as required.  Defendant has made a good faith effort to obtain responses to its Requests from Plaintiff.  Specifically, Defendant contacted Plaintiff on December 11, 2007 (by U.S. first class mail, by fax, and by email) regarding Plaintiff's non-response to Defendant's Requests.  Defendant requested that Plaintiff provide its responses by the close of business on Thursday, December 13, 2007.  Plaintiff did not provide any response whatsoever.  Moreover, Plaintiff has not even sought to communicate with Defendant regarding the status of those responses.

Clearly, Plaintiff's conduct has necessitated Defendant's filing of this motion to compel discovery.  As such, Plaintiff must pay Defendant for the reasonable expenses incurred in making this motion, including attorney's fees.

Respectfully submitted this 17th day of December, 2007.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

/s/ Stephen P. Pocalyko
Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com

David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com

*Attorneys for Defendant*
*Cracker Barrel Old Country Store, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION OF DUTY TO CONFER

I hereby certify that, pursuant to Fed. R. Civ. P. 37 (a)(2)(A)(B), counsel for Defendant Cracker Barrel Old Country Store, Inc. has in good faith conferred or attempted to confer with opposing counsel in an effort to secure the requested disclosures without court action.

This 17th day of December, 2007.

/s/ Stephen P. Pocalyko
Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**JEROME KELLEY**                    )
                                     )
    Plaintiff,                    )
                                     )          **Civil Case No. 2:07-CV-820-MEF**
**v.**                               )
                                     )
**CRACKER BARREL OLD**               )
**COUNTRY STORE, INC.**              )
                                     )
    Defendant.                    )

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that I have this day caused to be served the foregoing

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO**

**COMPEL DISCOVERY** with the Clerk of the Court by using the CM/ECF

system which will send notification of such filing to the following CM/ECF

counsel of record:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
<u>andynelms@andersonnelms.com</u>

This 17th day of December, 2007.

                                    <u>/s/ Stephen P. Pocalyko</u>
                                      Stephen P. Pocalyko, Esq.
                                      *Admitted pro hac vice*
                                      Georgia Bar No. 582602

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel"), by and through its undersigned counsel, hereby propounds Defendant's First Set of Interrogatories to Plaintiff Jerome Kelley ("Plaintiff" or "Kelley") and requests and demands that Plaintiff answer these interrogatories under oath within thirty-three (33) days after service.

When answering these interrogatories, you should furnish all information available to you, including information in your possession, custody or control, or in the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge. **DO NOT**

1

**DESTROY OR DISCARD ANY DOCUMENT OR INFORMATION CALLED FOR IN DISCOVERY OR RELATING TO THE ALLEGATIONS THAT YOU MAKE.**  If you cannot answer any part of these interrogatories in full after exercising due diligence to secure the information requested, so state and answer the interrogatories as fully as possible, stating whatever information or knowledge you have concerning the unanswered or partially answered interrogatories.

Pursuant to these interrogatories, Plaintiff has a continuing obligation to update all responses with any information discovered after the original submission of these responses, and to correct any response to any interrogatory as required by the Federal Rules of Civil Procedure and/or Local Rules of the Court.

## I.    <u>DEFINITIONS AND INSTRUCTIONS</u>

The following definitions and instructions apply to these interrogatories:

A.    The phrases "relate" and "relating to" means, without limitation, in any way constituting, mentioning, referring to, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

B.    As used herein, the word "document" means any original (or any carbon or photographic copies of any such material if Plaintiff does not have custody or control of the original) and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, transcribed, photocopied, photostatted, "telexed," filmed, microfilmed, or otherwise prepared manner, however produced or reproduced, which is in your possession, custody, or control, including, but not limited to, drafts, letters, correspondence, memoranda, drawings, graphs, charts, photographs, diaries, calendars, telegrams, faxes, telexes, cables, electronic mail, instant or text messages, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, catalogues, brochures, pamphlets, announcements, manuals, books, instructions, agreements, legal documents, recordings, audiotapes, videotapes, diskettes, notebooks and writings of every description, and including other items of any kind or nature, or otherwise, from which information can be obtained or translated into usable form.

3

C.     As used herein, "Plaintiff" shall mean Plaintiff Jerome Kelley, as well as any individuals representing or purporting to represent him.

D.     As used herein, "Cracker Barrel" shall mean Defendant Cracker Barrel, its subsidiaries, parents, employees, agents, attorneys and any other individual representing or purporting to represent it.

E.     When used herein, "information" shall include all knowledge which Plaintiff or his attorneys have on the subject of the interrogatories and all facts upon which they rely for the answer to the questions asked by the interrogatories.

F.     The terms "identify" and "identity" used in reference to an individual means to state his or her: (a) full name; (b) present or last known business and/or residence address(es) and telephone number(s); (c) present or last known occupation and the name and address of present employers; (d) relationship to you; (e) race; and (f) gender.

G.     "Identify," when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization, address, or principal place of business at present.

H.     "Identify," when used in reference to a document, means to state: (a) the type of document (e.g., letter, memorandum, contract, telegram, insurance policy, etc.) or some other means of identifying it; (b) its date, author or

4

authors, addressee or addressees, if any; (c) its present location and custodian; and (d) the relationship of the custodian to you.  If any such document is no longer in the possession of Plaintiff or subject to Plaintiff's control, "identify" also means to state: (e) what disposition was made of it; (f) the circumstances surrounding the authorization of the document's disposition; and (g) the date of disposition.

I.    "Identify," when used in reference to any act, occurrence, transaction, decision, statement, communication, or contract (hereinafter collectively referred to as "act"), means to describe in detail the event or events constituting such act(s), or what transpired, the place and date thereof, and to identify the persons present, the persons involved, and any documents referring or relating thereto.

J.    The term "or" shall mean "and/or"; the term "and" shall mean "and/or."

K.    All references to the singular include the plural, and all references to the plural include the singular.

L.    The term "Complaint" shall include the Complaint filed in this lawsuit by Plaintiff on or about September 12, 2007, and all subsequent amendments thereto.

M.  All references to the masculine gender include the feminine and neuter

genders, and all references to the feminine gender include the masculine and

neuter genders.

N.  Except when express reference is made to another paragraph, each paragraph

herein shall be construed independently and not by reference to any other

paragraph herein for purposes of limitation.

O.  The terms "you" and "your" shall mean Plaintiff, any individual or entity

acting on behalf of Plaintiff, and any representatives, agents, or assigns of

Plaintiff.

P.  "Communication" means any writing or any oral conversation including, but

not limited to, telephone conversations, meetings, letters, telegraphic,

electronic mail, instant or text messages and telex communications, and all

documents concerning such writing or such oral conversation.

Q.  "Person" means any natural person, any business entity (whether

partnership, association, cooperative, or corporation), and any governmental

entity or department, agency, bureau, or political subdivision thereof.

R.  "Persons with knowledge of the facts" means any person including, but not

limited to, persons known to you, or whose identity is ascertainable to you,

6

who at any point in time relevant to these proceedings, had direct involvement with the subject matter of the interrogatory.

S.   When in these Interrogatories you are asked to state the date on which some incident or event occurred, provide the day of the week, day, month and year, if known; if the day is not known, provide the month or season along with the year; if the month, season and/or year is not known, identify the date by relating it to some established time (*e.g.* "six months after X signed a contract with company Y").

T.   Unless otherwise specified, or unless the context indicates otherwise, each Interrogatory calls for information from the period commencing January 1, 2004 to the present. Answers to Interrogatories directed to allegations of the Complaint or to allegations of Defendant's unlawful acts in this action should be answered to the fullest extent of your knowledge, information or belief, without regard to time limitation.

## **PRIVILEGE**

If you object to any interrogatory or any part thereof on the basis of any privilege, prepare a log and state separately with respect to each claim: (a) the privilege claimed and a statement of facts constituting the basis of the claim of privilege, work product, or other ground of nondisclosure; (b) each statement or

communication for which such privilege is claimed; and (c) a brief description of the conversation, information, or document, including: (i) its date; (ii) subject matter; (iii) its length or duration; (iv) the location or custodian; (v) the names of its participants, authors, preparers, or witnesses; (vi) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; (vii) the paragraph of these Interrogatories to which the claim of privilege relates; and (viii) in case of any information or document relating in any way to a meeting or conversation, the time, place and physical location of the meeting or conversation. If Plaintiff refuses to respond to or produce any document within and relating to a paragraph of these Interrogatories on the grounds of privilege, Plaintiff shall answer all other parts of the paragraph to which privilege is not claimed.

## II.     **INTERROGATORIES**

INTERROGATORY NO 1:

Describe in detail every fact upon which Plaintiff bases his allegations of unlawful conduct in his Complaint, stating: (a) a factual recitation of the alleged unlawful conduct, including the Cracker Barrel employees implicated in the alleged conduct, and the date(s) that the incident(s) of alleged unlawful conduct occurred; (b) the basis on which Plaintiff contends such conduct was discriminatory, retaliatory or otherwise unlawful; and (c) each document and/or witness that you believe will substantiate your claim that the alleged unlawful conduct occurred.

## INTERROGATORY NO 2:

Please list and describe any and all complaints or attempts to complain to Defendant or any of its employees, managers, or agents, regarding the unlawful conduct alleged in Plaintiff's Complaint, including: (a) the date and form of the communication; (b) the person or persons who made the communication; (c) the person or persons to whom the communication was made; (d) the substance of the communication; (e) the mailing address, email address, or telephone number to which the communication was sent or made, or, if the complaint was made electronically, identify the computer from which the communication was made and the current whereabouts of that computer; (f) identify any documents setting forth or relating to the alleged complaint; and (g) state with specificity the resolution, relief, or outcome, whether monetary or otherwise, sought by the complainant(s) on each occasion.

<u>INTERROGATORY NO 3</u>:

Including military service(s), if any, state: the name and address of each employer for which you worked, setting forth the inclusive date(s) of each such employment, job titles, and the reason(s) you left each employer.  If you worked for any entity as an independent contractor or in a self-employed capacity, please so state and provide the information requested above.  For all such entities identified herein, please execute an authorization for Defendant to obtain copies of your employment records from them. (A copy of such authorization is attached to Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Production as Exhibit "A.")

INTERROGATORY NO 4:

Identify each and every person you know or believe to possess knowledge or information relating to the unlawful conduct alleged in Plaintiff's Complaint. In this response, please provide the particular event(s) of which each person identified has or may have knowledge or information, whether you intend to call each person as a fact witness in this case, and identify any documents that refer, reflect or relate to their possible knowledge of any facts you allege.

INTERROGATORY NO 5:

Referring to the damages and other relief claimed in the Complaint, including but not limited to actual, compensatory, and punitive damages, equitable relief, and other damages or relief you intend to seek, identify and describe fully and specifically the type and total amount by type of each category of damages and other relief, economic or non-economic attributed to each claim as well as the basis for claiming same. Please further identify and describe in full any and all damages, economic and non-economic, which you claim you will sustain, if any, subsequent to the date you respond to these Interrogatories and state the basis for claiming same. For each such category, separately state the dollar amount sought and provide a full and specific explanation of how you calculated the damages or determined the relief referred to in your response, and every fact or document upon which you base your damage calculations, allegations regarding damages and/or request for relief.

INTERROGATORY NO 6:

Identify each physician, psychiatrist, psychologist, counselor, nurse, or other health care practitioner or professional (hereinafter "medical professional") by whom you have been treated or examined since January 1, 2003, and for each state: the reason which prompted you to seek treatment or examination; the professional opinion rendered, if any, including the course of treatment or any prescription medication recommended or prescribed; and the identity of any hospitals, clinics or other facilities at which you were treated or examined by the medical professional(s) identified.  Identify each entity providing health coverage to or for you from January 1, 2003 to date, identifying each such policy, the primary insured, and stating the policy number.  For each entity providing health coverage to or for you, and medical professional, hospital, clinic, or other treatment or examination facility that provided treatment to you, please execute a separate Medical Authorization, a blank copy of which is attached as Exhibit "B" to Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Production and include the current address of the medical professional or facility.

INTERROGATORY NO 7:

Identify each person whom you, your attorneys, or anyone acting on your behalf, have contacted or interviewed or attempted to contact or interview, or from whom you, or anyone acting on your behalf, have requested or obtained a written or recorded statement concerning any allegations of unfair treatment by Defendant or any allegation contained in Plaintiff's Complaint or any other document filed with the Court by Plaintiff in this case, including, but not limited to, any current or former Cracker Barrel employee. Please identify the subject matter, nature (i.e. oral, written, electronic, etc.) and date of the communication or attempted communication; the time, length, or duration of the communication or attempted communication; the means, form, or method of the communication or attempted communication; the participants in the communication or attempted communication; the witnesses to the communication or attempted communication; the location of the participants and witnesses during the communication or attempted communication; the subject of the communication or attempted communication; and the reason or reasons any attempted communication was unsuccessful, as well as the content of each such contact or discussion. Identify any written (drafts or final) statements provided to and/or from such persons.

15

Identify any notes, audio and/or visual recordings, or other documents

summarizing or memorializing such statements, interviews and/or discussions.

<u>INTERROGATORY NO 8</u>:

Identify all persons to whom you have spoken about your allegations in this lawsuit and/or the alleged facts and/or events that you believe support those allegations; include the dates and times you spoke to those persons; the form of the communication; the substance of the communication; the mailing address, email address, or telephone number to which the communication was sent or made; and identify any documents setting forth or relating to the alleged communication. If the communication occurred electronically, identify the computer from which the communication was sent, received, accessed, deleted or destroyed, and the current location of that computer.

## INTERROGATORY NO 9:

If you have previously been a party to any civil lawsuit (including divorce, child custody, or bankruptcy) or claim (other than this lawsuit) or have threatened to file a lawsuit, administrative or criminal charge, or claim with any agency, or been accused of any discrimination, state the date and file number of each such suit, charge, or claim, the name by which you were then known, the court, department, or agency (state, federal, or local) in which it was brought; the name of all other parties or parties threatened with potential action, and the proper designation of the suit or charge (e.g., civil action, civil or criminal charge, or claim number); whether you were a plaintiff, defendant, charging party, or charged party; the nature of such suit or threatened suit bankruptcy, personal injury or divorce), charge (e.g., EEOC - sex or race; OSHA - safety or health; state or federal attorney general charge or complaint) or claim (e.g., workers' or unemployment compensation); the disposition of each such lawsuit or threatened lawsuit, charge, or claim; and the name of the lawyer who represented you, if any.

INTERROGATORY NO 10:

If you have ever been arrested, charged with or convicted of any criminal

offense, please identify for each criminal offense the nature of the offense, the date

of arrest, charge and/or conviction, the arresting authority, the court in which any

criminal proceeding against Plaintiff was held, the disposition of each charge, and

the sentence received or the outcome of any proceedings held.

INTERROGATORY NO 11:

Identify each and every person consulted in connection with your preparation of answers to these interrogatories. For each person so consulted, please identify his/her relationship to you, the topic discussed and the nature of the conversation.

<u>INTERROGATORY NO 12</u>:

For each Request for Admission denied or for which a qualified response was given, separately state Plaintiff's basis for denying or qualifying his answer and list all facts and/or documents supporting his response.

Respectfully submitted this 1st day of November, 2007.


**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com


**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com


*Attorneys for Defendant*
*Cracker Barrel Old Country Store, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing

**DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S**

**FIRST SET OF INTERROGATORIES** on the following via First-Class U.S.

Mail:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@andersonnelms.com

This 1st day of November, 2007.

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel"), by and through its undersigned counsel, hereby requests and demands that Plaintiff Jerome Kelley ("Plaintiff" or "Kelley") answer the following requests for production within 30 days after service.

When answering these requests for production, please furnish all information available to you, including information in your possession, custody or control or in the possession, custody or control of any person acting on your

1

behalf, and not merely such information as is known of your own personal

knowledge. **DO NOT DESTROY OR DISCARD ANY DOCUMENT,**

**DRAFTS OF DOCUMENTS, OR INFORMATION CALLED FOR IN**

**DISCOVERY OR RELATING TO THE ALLEGATIONS THAT YOU**

**MAKE.** If you cannot produce any of the documents requested, so state and

produce the documents as fully as possible, stating whatever information or

knowledge you have concerning the documents not produced.

 Pursuant to these requests, Plaintiff has a continuing obligation to update all

responses with any information discovered after the original date set for responses,

and correct any response to any interrogatory or request as required by the federal

rules.

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

The following definitions and instructions apply to these requests for production of

documents:

A. The phrases "relate" and "relating to" means, without limitation, in any way

  constituting, mentioning, referring to, describing, summarizing, evidencing,

  listing, indicating, relevant to, demonstrating, tending to prove or disprove,

containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

B.  As used herein, the word "document" means any original (or any carbon or photographic copies of any such material if plaintiff does not have custody or control of the original) and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, transcribed, photocopied, photostatted, faxed, "telexed," filmed, microfilmed, or otherwise prepared manner, however produced or reproduced, which is in your possession, custody, or control, including, but not limited to, drafts, letters, correspondence, memoranda, drawings, graphs, charts, photographs, diaries, calendars, telegrams, telexes, cables, electronic mail, instant or text messages, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, catalogues, brochures, pamphlets, announcements, manuals, books, instructions, agreements, legal documents, recordings, audiotapes, videotapes, diskettes, notebooks and writings of every description, and

including other items of any kind or nature, or otherwise, from which information can be obtained or translated into usable form.

C.    As used herein, "Plaintiff" shall mean Plaintiff Jerome Kelley, as well as any individuals representing or purporting to represent him.

D.    As used herein, "Cracker Barrel" shall mean Defendant Cracker Barrel, its subsidiaries, parents, employees, agents, attorneys, and any other individual representing or purporting to represent it.

E.    When used herein "information" shall include all knowledge which Plaintiff or his attorneys have on the subject of the interrogatories or requests and all facts upon which they rely for the answer to the questions asked by the interrogatories or requests.

F.    The terms "identify" and "identity" used in reference to an individual means to state his or her: (a) full name; (b) present or last known business and/or residence address(es) and telephone number(s); (c) present or last known occupation and the name and address of present employers; (d) relationship to you; (e) race; and (f) gender.

4

G.    "Identify," when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization, address, or principal place of business at present.

H.    "Identify," when used in reference to a document, means to state: (a) the type of document (e.g., letter, memorandum, contract, telegram, insurance policy, etc.) or some other means of identifying it; (b) its date, author or authors, addressee or addresses, if any; (c) its present location and custodian; and (d) the relationship of the custodian to you.  If any such document is no longer in Plaintiff's possession or subject to their control, "identify" also means to state, (e) what disposition was made of it; (f) the circumstances surrounding the authorization of the document's disposition; and (g) the date of disposition.

I.    "Identify," when used in reference to any act, occurrence, transaction, decision, statement, communication, or contract (hereinafter collectively referred to as "act"), means to describe in detail the event or events constituting such act(s), or what transpired, the place and date thereof, and to identify the persons present, the persons involved, and any documents referring or relating thereto.

J.    The term "or" shall mean "and/or"; the term "and" shall mean "and/or."

K.    All references to the singular include the plural, and all references to the plural include the singular.

L.    The term "Complaint" shall include the Complaint filed in this lawsuit by Plaintiff on or about September 12, 2007 and all subsequent amendments thereto.

M.    All references to the masculine gender include the feminine and neuter genders, and all references to the feminine gender include the masculine and neuter genders.

N.    Except when express reference is made to another paragraph, each paragraph herein shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

O.    The terms "you" and "your" shall mean Plaintiff, any individual or entity acting on behalf of Plaintiff, and any representatives, agents or assigns of Plaintiff.

P.    "Communication" means any writing or any oral conversation including, but not limited to, telephone conversations, meetings, letters, telegraphic,

electronic mail, and telex communications, and all documents concerning

such writing or such oral conversation.

Q.    "Person" means any natural person, any business entity (whether

partnership, association, cooperative, or corporation), and any governmental

entity or department, agency, bureau, or political subdivision thereof.

R.    Unless otherwise specified, or unless the context indicates otherwise, each

Request for Production calls for information from the period commencing

January 1, 2004 to the present.  Answers to requests directed to allegations

of the Complaint or to allegations of Defendant's unlawful acts in this action

should be answered to the fullest extent of your knowledge, information or

belief, without regard to time limitation.

## **PRIVILEGE**

If you object to any request or any part thereof on the basis of any privilege,

prepare a log and state separately with respect to each claim: (a) the privilege

claimed and a statement of facts constituting the basis of the claim of privilege,

work product, or other ground of nondisclosure; (b) each statement or

communication for which such privilege is claimed; and (c) a brief description of

the conversation, information, or document, including: (i) its date; (ii) subject

matter; (iii) its length or duration; (iv) the location or custodian; (v) the names of its participants, authors, preparers, or witnesses; (vi) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; (vii) the paragraph of these Requests to which the claim of privilege relates; and (viii) in case of any information or document relating in any way to a meeting or conversation, the time, place and physical location of the meeting or conversation. If Plaintiff refuses to respond to or produce any document within and relating to a paragraph of these requests on the grounds of privilege, Plaintiff shall answer all other parts of the paragraph to which privilege is not claimed.

## II.    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

<u>REQUEST NO 1:</u>   Please produce any and all documents, which refer or relate to

the allegations you make or your demand(s) for relief in Plaintiff's Complaint,

Plaintiff's Responses to Defendant Cracker Barrel Old Country Store, Inc.'s First

Set of Interrogatories, or any other document filed with the Court or served by

Plaintiff in this case.

REQUEST NO 2:  Please produce any and all documents identified or referred to in response to Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories.

<u>REQUEST NO 3:</u>  Please produce any and all documents upon which you relied or to which you referred when responding to Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories.

REQUEST NO 4:  Please execute and produce an authorization, in a form identical to that attached as Exhibit "A," addressed to each individual or entity listed in response to Interrogatory No. 3, as contained in Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories.

12

<u>REQUEST NO 5:</u>  Please execute and produce an authorization, in a form identical to that attached as Exhibit "B," addressed to each individual or entity listed in response to Interrogatory No. 6, as contained in Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories.

REQUEST NO 6:  Please produce all documents reflecting, referring, or relating to

any and all complaints or attempts to complain to Defendant or any of its

employees, managers, or agents, regarding the unlawful acts alleged in Plaintiff's

Complaint.

14

REQUEST NO 7:  Please produce any and all diaries, logs, calendars, letters, notes, emails, tapes, statements, or other documents, whether contemporaneous or not, as well as any drafts of same, which refer or relate to your claims, allegations, assertions and demands in this litigation.

15

REQUEST NO 8:  Please produce any and all documents including, without

limitation, letters, diaries, calendars, notes, minutes, e-mails or tapes, as well as

any drafts of same, which relate to or otherwise memorialize any discussions,

conversations or meetings between you and any present or former agent or

employee of Defendant relating in any manner to any allegations encompassed by

Plaintiff's Complaint, Plaintiff's Responses to Defendant Cracker Barrel Old

Country Store, Inc.'s First Set of Interrogatories, or any other document filed or

saved with the Court by Plaintiff in this case.

16

REQUEST NO 9:   Please produce any and all documents, including but not limited to, letters, notes, statements, personal diaries, log books, journals or calendars maintained by, or for, you, as well as any drafts of same, that relate in any manner to any physical, mental, and/or emotional injuries, conditions, maladies, and complaints, allegedly experienced by Plaintiff from January 1, 2003 through the present.

<u>REQUEST NO 10:</u>    Please produce any and all documents which relate in any way to conversations or other communications with, or statements by, any person relating in any manner to any allegation encompassed in Plaintiff's Complaint, Plaintiff's Responses to Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories, or any other document filed with the Court or served by Plaintiff in this case.

<u>REQUEST NO 11:</u>    Please produce any and all statements, affidavits or declarations obtained by Plaintiff or his counsel or agent, as well as any drafts of same, from any witness or other prospective witness in this case.

REQUEST NO 12:    Please produce any and all statements, affidavits or declarations given by Plaintiff in connection with any claims or proceedings, legal or otherwise, involving Defendant.

REQUEST NO 13:        Please produce any and all documents upon which you base your claim that you were treated unlawfully by Defendant, its agents, or its employees.

<u>REQUEST NO 14:</u>    Please produce any and all documents provided to any expert witness and/or any expert or consultant with whom Plaintiff and/or his attorneys have consulted in connection with any matter relating to this action.

22

**REQUEST NO 15:**      Please produce any and all documents referring, relating

or containing any report, summary, draft, or other communication prepared by any

expert or consultant with whom Plaintiff and/or his attorneys conferred in

connection with any matter at issue in this action.

<u>REQUEST NO 16:</u>    Please produce any and all documents not otherwise requested herein on which Plaintiff intends to rely in establishing the truth of any claim, allegation or fact set forth in Plaintiff's Complaint, Plaintiff's Responses to Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories, or any other document filed with the Court and/or served by Plaintiff in this case.

24

<u>REQUEST NO 17:</u>        Please produce any and all raw data and computation sheets upon which the amount of any alleged claim of damages is or may be based, and the working papers from which any exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged unlawful act by Defendant was prepared.

<u>REQUEST NO 18:</u>        Please produce any and all documents that reflect or refer

to any financial loss allegedly incurred by you as a result of any alleged unlawful

act by Defendant.

REQUEST NO 19:        Please produce any and all documents that reflect or refer to alleged physical or emotional harm, damage, or affect you allegedly experienced as a result of any act or omission caused by Defendant.

**REQUEST NO 20:**    Please produce any and all documents received by or forwarded to any local, state or federal entity whom you and/or your counsel have contacted regarding your claim(s) of unlawful conduct by Defendant or any claim in this case.

...

<u>REQUEST NO 21:</u>    Please produce any and all documents reflecting Plaintiff's agreement with Plaintiff's counsel, including but not limited to, any retainer agreement and any agreement setting forth the fees and costs associated with such representation.

REQUEST NO 22:    Please produce any and all documents referring, reflecting, or relating to any civil lawsuits (including divorce, child custody or bankruptcy), administrative or criminal charges, and/or claims with any agency, other than this lawsuit, which you commenced or participated in, or threatened to commence or participate in from January 1, 1997 through the present.

<u>REQUEST NO 23:</u>     Please produce any and all documents which you intend to use to impeach any witness, or which you can reasonably foresee using in that manner.

Respectfully submitted this 1st day of November, 2007

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com

*Attorneys for Defendant*
*Cracker Barrel Old Country Store, Inc.*

32

$$\boxed{\textbf{EXHIBIT "A"}}$$

### AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

**TO:**    _____
          _____
          _____
          _____

**RE:**    Employee / Former Employee Name: <u>JEROME KELLEY</u>    SS#: _____

This is to authorize and request you to furnish the law firm, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., or any representative thereof, any and all information concerning this persons's employment or application for employment, including but not limited to: correspondence, resumes, applications, job descriptions or documents describing job duties, personnel records, evaluations, disciplinary records, payroll information, benefits information, copies of relevant employee handbooks, and any documents whatsoever pertaining to the employment of the undersigned.

The undersigned agrees that a signed facsimile or other copy of this Authorization shall be considered equally valid to the fully executed original Authorization.

This information is disclosed for the purposes of the lawsuit styled <u>Jerome Kelley, Plaintiff, v. Cracker Barrel Old Country Store, Inc., Defendant, Civil Action No. 2:07-CV-820-MEF, currently pending in the United States District Court for the Middle District of Alabama</u>. You are authorized to release the above records to the following representatives of Defendant in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records:

> <u>David Gevertz, Esq. / Stephen Pocalyko, Esq.</u>
> <u>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.</u>
> <u>Six Concourse Parkway, Suite 3100</u>
> <u>Atlanta, Georgia 30328</u>

This authorization shall be in force and effect during the period of time that the lawsuit for which the authorization is provided is pending. I have the right to revoke this authorization, in writing, by sending written notification to you. I understand that a revocation is not effective to the extent that you have relied on my authorization to disclose information. I understand that the information may be redisclosed and no longer subject to protection. I understand that I have the right to:

* Inspect or copy the individually identifiable information to be disclosed.
* Refuse to sign this authorization

_____
Signature

_____
Dated

_____
Printed Name

On this _____ day of _____,                    _____
2007, before me appeared                                  Notary Public
_____ who executed the foregoing
Authorization as his/her free act and deed.
                                                          _____
                                                          My Commission Expires

33

**EXHIBIT "B"**

**MEDICAL RECORDS**
**PURSUANT OF 45 CFR 164.568 (HIPAA)**

TO: _____
_____
_____
_____

RE:   Patient Name: <u>JEROME KELLEY</u>     DOB: _____     SS#: _____

I, _____, authorize you to disclose and release the following protected health information:

- WRITTEN MEDICAL RECORDS: any and all medical records, all inpatient and outpatient charts and records, hospital charts and records, doctor and nurse notes, emergency room records, correspondence, memoranda, physical therapy and rehabilitation records, patient questionnaire forms, patient history forms, social service records, laboratory reports, diagnostic reports.
- DIAGNOSTIC TESTS OR IMAGING: echocardiogram transcripts/tracings, operative photographs, slides, x-ray films, audio tapes, computer disk/storage films of, including but not limited to echocardiograms, cardiac diagnostic testing.
- PATHOLOGY: any and all pathology related to cardiac surgery: a) cardiac tissue pathology recuts b) microbiology slides c) autopsy tissue pathology recuts.
- RADIOLOGY: any and all x-rays, MRI films, CAT scans, brain scans, and EKG tracings in all forms including original films, copy of computer storage of the data on disk or tape and a copy of the reports.
- PRESCRIPTION RECORDS: any and all prescription records, the issuance of sale of prescription drugs, original doctor's prescription forms, refill records and pharmacy records.
- PROTOCOL: any and all documents describing the protocol and criteria for administration and interpretation of diagnostic tests or imaging.
- BILLING: any and all billing records, including itemized statements of charges, payments, all insurance records, including all claims, claim forms, correspondence, payments, and reports.

Also, please disclose and release the following protected health care information (only if checked below):

|  | (check) | ☐ | Drug and Alcohol Records |
|  |  | ☐ | HIV and AIDS Records |
|  |  | ☐ | Mental Health Records |

This protected health information is disclosed for the purposes of the lawsuit styled <u>Jerome Kelley, Plaintiff, v. Cracker Barrel Old Country Store, Inc., Defendant, Civil Action No. 2:07-CV-820-MEF, currently pending in the United States District Court for the Middle District of Alabama.</u> You are authorized to release the above records to the following representatives of defendant in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records:

<u>David Gevertz, Esq. / Stephen Pocalyko, Esq.</u>
<u>Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.</u>
<u>Six Concourse Parkway, Suite 3100</u>
<u>Atlanta, Georgia 30328</u>

This authorization shall be in force and effect during the period of time that the lawsuit for which the authorization is provided is pending. I have the right to revoke this authorization, in writing, by sending written notification to you. I understand that a revocation is not effective to the extent that you have relied on my authorization to disclose protected health information. I understand that the information may be redisclosed and no longer subject to protection. I understand that I have the right to:
- Inspect or copy the individually identifiable health information to be disclosed.
- Refuse to sign this authorization.

_____
Signature

_____
Dated

_____
Printed Name

On this _____ day of _____,
2007, before me appeared
_____ who executed the foregoing
Authorization as his/her free act and deed.

_____
Notary Public

_____
My Commission Expires

34

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEROME KELLEY                )
                             )
        Plaintiff,           )
                             )        Civil Case No. 2:07-CV-820-MEF
v.                           )
                             )
CRACKER BARREL OLD           )
COUNTRY STORE, INC.          )
                             )
        Defendant.           )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing

DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S

FIRST REQUESTS FOR PRODCTION OF DOCUMENTS on the following

via First-Class U.S. Mail:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@JayLewisLaw.com

This 1st day of November, 2007.

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602

35

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEROME KELLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 2:07-CV-820-MEF |
| v. | ) | |
| | ) | |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Cracker Barrel Old Country Store, Inc. propounds this First Set of

Requests for Admission pursuant to Federal Rule of Civil Procedure 36.

I.    **INSTRUCTIONS AND DEFINITIONS:**

1.    These Requests for Admission are propounded to, and must be answered by,

Plaintiff.

2.    These requests are continuing in the manner provided by law, including Fed.

R. Civ. P. 26(e), requiring supplementation of these responses.

1

3.    If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portion(s).

4.    If your response to any of these requests is qualified in any manner, please set forth the details of such qualification.

5.    "You" or "your" shall mean Plaintiff, Plaintiff's attorneys, agents, or representatives, and all persons acting on Plaintiff's behalf.

6.    "Defendant" means Cracker Barrel Old Country Store, Inc. and its subsidiaries, parents, employees, agents, attorneys and any other individual representing or purporting to represent it.

## II. REQUESTS FOR ADMISSION:

1.    Since August 2006, you have continuously resided at 100 McQueen Smith Road, Apt. G-3, Prattville, Alabama 36066.

2.    Since August 2006, you have been able to continuously correspond with your attorney, K. Anderson Nelms, Esq., at the following mailing address:

2

Law Offices of Jay Lewis, LLC, Post Office Box 5059, Montgomery, Alabama 36106.

3.     You were not disabled in June 2007.

4.     You never witnessed any incident(s) of discriminatory or otherwise unlawful conduct involving another employee at Cracker Barrel Store No. 326, other than that (those) incident(s) allegedly involving Retail Manager Kimberly Goodnight.

5.     You never complained to Defendant about any incident(s) of discriminatory conduct involving any employee at Cracker Barrel Store No. 326 other than those incidents allegedly involving Retail Manager Kimberly Goodnight.

6.     No one prevented you from complaining to Cracker Barrel about any perceived unfair treatment or discrimination.

7.     Retail Manager Kimberly Goodnight never refused to provide food and/or drink to any African-American hourly retail employee at Cracker Barrel Store No. 326.

8.     On July 9, 2006, Retail Manager Kimberly Goodnight refused to provide food and drink to all non-retail employees at Cracker Barrel Store No. 326, including Caucasian non-retail employees.

9.  On July 9, 2006, you verbally confronted Retail Manager Goodnight at Cracker Barrel Store No. 326 after she hung up the telephone on you.

10.  The Greenville, Alabama Police Department issued a citation on July 9, 2006, in which you were cited for unlawfully imprisoning Ms. Goodnight.

11.  Prior to your termination on July 12, 2006, Restaurant District Manager Mark Lausman met with you to discuss the events leading up to and including your verbal confrontation with Ms. Goodnight on July 9, 2006.

Respectfully submitted this 1st day of November, 2007.


**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com


*Attorneys for Defendant*
*Cracker Barrel Old Country Store, Inc.*

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing **DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** on the following via First-Class U.S. Mail:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@JayLewisLaw.com

This 1st day of November, 2007.

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602

6

# Exhibit D

**Pocalyko, Stephen**

| | |
|---|---|
| **From:** | Pocalyko, Stephen |
| **Sent:** | Friday, November 02, 2007 10:30 AM |
| **To:** | 'Andy Nelms' |
| **Cc:** | 'Anthony Bush' |
| **Subject:** | Cracker Barrel / Kelley, Jerome - Discovery Courtesy Copies Attached |
| **Attachments:** | Scan001.PDF; Scan001.PDF; Scan001.PDF; Scan001.PDF |

November 2, 2007

Andy:

In connection with Jerome Kelley v. Cracker Barrel Old Country Store, Inc., please find attached a courtesy copy of the following items, as served upon you yesterday:

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Admission;
- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories;
- Defendant Cracker Barrel Old Country Store, Inc.'s First Requests for Production of Documents; and
- Defendant Cracker Barrel Old Country Store, Inc.'s Initial Disclosures.

Please advise if you have any questions.

Steve

**Stephen P. Pocalyko**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Direct: 678.406.8728
Fax: 678.406.8828
Email: spocalyko@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China

# Exhibit E



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

SIX CONCOURSE PARKWAY
SUITE 3100
ATLANTA, GEORGIA 30328
PHONE:   678.406.8700
FAX:      678.406.8701

www.bakerdonelson.com

STEPHEN POCALYKO
Direct Dial: 678.406.8728
Direct Fax: 678.406.8828
E-Mail Address: spocalyko@bakerdonelson.com

December 11, 2007

**VIA U.S. FIRST CLASS MAIL**
**VIA FACSIMILE: (334) 832-4390**
**VIA EMAIL: AMYLINDSEY@ANDERSONNELMS.COM**

Keith Anderson Nelms, Esq.
Anderson Nelms & Associates, LLC
847 So. McDonough Street
Montgomery, Alabama 36104

Re:   <u>Jerome Kelley v. Cracker Barrel Old Country Store, Inc.</u>
      <u>Civil Case No. 2:07-CV-820-MEF</u>

Dear Andy:

In connection with the above-referenced matter, please be advised that we served the following discovery requests upon you on Thursday, November 1, 2007 by U.S. first-class mail:

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories ("Defendant's First Interrogatories");

- Defendant Cracker Barrel Old Country Store, Inc.'s First Requests for Production of Documents ("Defendant's First Requests to Produce"); and

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Admissions ("Defendant's First Requests to Admit").

Per the Federal Rules of Civil Procedure, Plaintiff's responses to each of these discovery requests ("Plaintiff's responses") were due last Thursday, December 6, 2007. <u>See</u> Fed. R. Civ. P. 33(b)(3), 34(b), and 36(a). As of the close of business today, Tuesday, December 11, 2007, we have yet to receive <u>any</u> such responses. **We kindly request that you provide us with Plaintiff's responses by**

A SPP 603282 v1
2789827-000043 12/11/2007

ALABAMA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  TENNESSEE  •  WASHINGTON, D.C.  •  BEIJING, CHINA

Representative Office,
BDBC International, LLC

Keith Anderson Nelms, Esq.
December 11, 2007
Page 2

**the close of business on Thursday, December 13, 2007** or we will be forced to move the Court to compel production on Friday, December 14, 2007.  See Fed. R. Civ. P. 37(a).

Please be advised that, as your objections to Defendant's First Interrogatories and Defendant's First Requests to Produce were not timely stated, <u>all</u> such objections are deemed waived.  <u>See</u> Fed. R. Civ. P. 33(b)(4); <u>see generally</u> Fed. R. Civ. P. 34; <u>see also</u> <u>Essex Ins. Co. v. Neely</u>, 236 F.R.D. 287 (N.D.W. Va. 2006) (while Rule 34 does not contain the same specificity and wavier provisions as Rule 33, the Advisory Committee notes to Rule 34 state that the procedure for Rule 34 is essentially the same as for Rule 33); <u>Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.</u>, 200 F.R.D. 255 (M.D.N.C. 2001) (waiver is implicit in Rule 34's requirement that objections be explicitly stated).  Please also be advised that, as Plaintiff's responses to Defendant's First Requests to Admit were not timely served, <u>all</u> such requests are deemed admitted.  <u>See</u> Fed. R. Civ. P. 36(a).

We also note that that you have failed to respond to our letter, dated December 3, 2007, requesting that you provide us with proposed dates during the second or third week of January 2008 for Plaintiff's deposition.  **Please provide us with such dates by the close of business tomorrow, Wednesday, December 12, 2007.**  **Please also confirm at that time that you will provide us with Plaintiff's responses by the close of business on Thursday, December 13, 2007.**

Thank you for your prompt attention to this matter.

Best regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

Stephen Pocalyko

cc:     David Gevertz

A SPP 603282 v1
2789827-000043 12/11/2007



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

SIX CONCOURSE PARKWAY
SUITE 3100
ATLANTA, GEORGIA 30328
PHONE: 678.406.8700

STEPHEN POCALYKO
Direct Dial: 678.406.8728
Direct Fax: 678.406.8828
E-Mail Address: spocalyko@bakerdonelson.com

December 11

**VIA U.S. FIRST CLASS MAIL**
**VIA FACSIMILE: (334) 832-4390**
**VIA EMAIL: AMYLINDSEY@ANDERSONNELMS.COM**

Keith Anderson Nelms, Esq.
Anderson Nelms & Associates, LLC
847 So. McDonough Street
Montgomery, Alabama 36104

Re:   **Jerome Kelley v. Cracker Barrel Old Country**
       **Civil Case No. 2:07-CV-820-MEF**

Dear Andy:

      In connection with the above-referenced matter,
discovery requests upon you on Thursday, November 1,

- Defendant Cracker Barrel Old Country Store, I
  First Interrogatories");

- Defendant Cracker Barrel Old Country Store, In
  ("Defendant's First Requests to Produce"); and

- Defendant Cracker Barrel Old Country Store,
  ("Defendant's First Requests to Admit").

      Per the Federal Rules of Civil Procedure, Pl
requests ("Plaintiff's responses") were due last Thurs
33(b)(3), 34(b), and 36(a). As of the close of business t
to receive *any* such responses. **We kindly request that**

A SPP 603282 v1
2789827-000043 12/11/2007

ALABAMA • GEORGIA • LOUISIANA • MISSISSIPPI • TE



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

SIX CONCOURSE PARKWAY
SUITE 3100
ATLANTA, GEORGIA 30328

Keith Anderson Nelms, Esq.
Anderson Nelms & Associates, LLC
847 So. McDonough Street
Montgomery, Alabama 36104

FIRST CLASS

HASLER

US POSTAGE

# Exhibit F

MESSAGE CONFIRMATION                    DEC-11-2007 09:21 PM TUE

FAX NUMBER    :
NAME          :

NAME/NUMBER    :    #06613348324390
PAGE           :    3
START TIME     :    DEC-11-2007 09:20PM TUE
ELAPSED TIME   :    01'18"
MODE           :    STD G3
RESULTS        :      [ O.K ]

Law Offices
**Baker, Donelson, Bearman, Caldwell & Berkowitz**
A Professional Corporation
Six Concourse Parkway • Suite 3100
Atlanta, Georgia 30328

(678) 406-8700

Facsimile
(678) 406-8701

FACSIMILE TRANSMISSION FORM

**PLEASE DELIVER IMMEDIATELY**

**DATE / TIME:** DECEMBER 11, 2007 / 09:04 PM

| **DELIVER TO:** | **COMPANY:** | **FAX NO.:** | **PHONE NO.:** |
|---|---|---|---|
| Keith Anderson Nelms, Esq. | Anderson Nelms & Associates, LLC | (334) 832-4390 | (334) 263-7733 |

**FROM:**              Stephen Pocalyko, Esq.

**PHONE NO.:**         678.406.8728

**FAX NO.:**           678.406.8828

**USER NO.:**          9087

**CLIENT/MATTER NO.:** 2789827.000043/

**MESSAGE:**  Please see attached letter.

*Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.*

*Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.*

Page 1 of 3

Law Offices
## Baker, Donelson, Bearman, Caldwell & Berkowitz
A Professional Corporation
Six Concourse Parkway • Suite 3100
Atlanta, Georgia 30328

(678) 406-8700

Facsimile
(678) 406-8701


FACSIMILE TRANSMISSION FORM

**PLEASE DELIVER IMMEDIATELY**

**DATE / TIME:** DECEMBER 11, 2007 / 09:04 PM


| **DELIVER TO:** | **COMPANY:** | **FAX NO.:** | **PHONE NO.:** |
|---|---|---|---|
| Keith Anderson Nelms, Esq. | Anderson Nelms & Associates, LLC | (334) 832-4390 | (334) 263-7733 |


**FROM:**          Stephen Pocalyko, Esq.

**PHONE NO.:**     678.406.8728

**FAX NO.:**       678.406.8828

**USER NO.:**      9087

**CLIENT/MATTER NO.:**    2789827.000043/

**MESSAGE:**  Please see attached letter.

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.



SIX CONCOURSE PARKWAY
SUITE 3100
ATLANTA, GEORGIA 30328
PHONE:  678.406.8700
FAX:      678.406.8701

www.bakerdonelson.com

STEPHEN POCALYKO
Direct Dial: 678.406.8728
Direct Fax: 678.406.8828
E-Mail Address: spocalyko@bakerdonelson.com

December 11, 2007

__VIA U.S. FIRST CLASS MAIL__
__VIA FACSIMILE: (334) 832-4390__
__VIA EMAIL: AMYLINDSEY@ANDERSONNELMS.COM__

Keith Anderson Nelms, Esq.
Anderson Nelms & Associates, LLC
847 So. McDonough Street
Montgomery, Alabama 36104

Re:    __Jerome Kelley v. Cracker Barrel Old Country Store, Inc.__
       __Civil Case No. 2:07-CV-820-MEF__

Dear Andy:

     In connection with the above-referenced matter, please be advised that we served the following discovery requests upon you on Thursday, November 1, 2007 by U.S. first-class mail:

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories ("Defendant's First Interrogatories");

- Defendant Cracker Barrel Old Country Store, Inc.'s First Requests for Production of Documents ("Defendant's First Requests to Produce"); and

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Admissions ("Defendant's First Requests to Admit").

     Per the Federal Rules of Civil Procedure, Plaintiff's responses to each of these discovery requests ("Plaintiff's responses") were due last Thursday, December 6, 2007. <u>See</u> Fed. R. Civ. P. 33(b)(3), 34(b), and 36(a). As of the close of business today, Tuesday, December 11, 2007, we have yet to receive <u>any</u> such responses. **We kindly request that you provide us with Plaintiff's responses by**

Keith Anderson Nelms, Esq.
December 11, 2007
Page 2

**the close of business on Thursday, December 13, 2007** or we will be forced to move the Court to compel production on Friday, December 14, 2007. See Fed. R. Civ. P. 37(a).

Please be advised that, as your objections to Defendant's First Interrogatories and Defendant's First Requests to Produce were not timely stated, <u>all</u> such objections are deemed waived. <u>See</u> Fed. R. Civ. P. 33(b)(4); <u>see generally</u> Fed. R. Civ. P. 34; <u>see also</u> <u>Essex Ins. Co. v. Neely</u>, 236 F.R.D. 287 (N.D.W. Va. 2006) (while Rule 34 does not contain the same specificity and wavier provisions as Rule 33, the Advisory Committee notes to Rule 34 state that the procedure for Rule 34 is essentially the same as for Rule 33); <u>Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.</u>, 200 F.R.D. 255 (M.D.N.C. 2001) (waiver is implicit in Rule 34's requirement that objections be explicitly stated). Please also be advised that, as Plaintiff's responses to Defendant's First Requests to Admit were not timely served, <u>all</u> such requests are deemed admitted. <u>See</u> Fed. R. Civ. P. 36(a).

We also note that that you have failed to respond to our letter, dated December 3, 2007, requesting that you provide us with proposed dates during the second or third week of January 2008 for Plaintiff's deposition. **Please provide us with such dates <u>by the close of business tomorrow, Wednesday, December 12, 2007.</u>** **Please also confirm at that time that you will provide us with Plaintiff's responses by the close of business on Thursday, December 13, 2007.**

Thank you for your prompt attention to this matter.

Best regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

Stephen Pocalyko

cc:     David Gevertz

# Exhibit G

## Pocalyko, Stephen

| | |
|---|---|
| **From:** | Pocalyko, Stephen |
| **Sent:** | Tuesday, December 11, 2007 9:40 PM |
| **To:** | 'amylindsey@andersonnelms.com' |
| **Cc:** | Gevertz, David; Pocalyko, Stephen |
| **Subject:** | Cracker Barrel / Kelley - Plaintiff's Non-Response to Defendant's Discovery Requests |
| **Importance:** | High |
| **Attachments:** | Scan001.PDF |

December 11, 2007


Dear Andy:

Please find attached our letter to you, dated December 11, 2007, regarding Jerome Kelley v. Cracker Barrel Old Country Store, Inc., Civil Case No. 2:07-CV-820-MEF.

Thank you for your prompt attention to this matter.

Stephen

**Stephen P. Pocalyko**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Direct:  678.406.8728
Fax:  678.406.8828
Email:  spocalyko@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

SIX CONCOURSE PARKWAY
SUITE 3100
ATLANTA, GEORGIA 30328
PHONE:   678.406.8700
FAX:      678.406.8701

www.bakerdonelson.com

STEPHEN POCALYKO
Direct Dial: 678.406.8728
Direct Fax: 678.406.8828
E-Mail Address: spocalyko@bakerdonelson.com

December 11, 2007

<u>**VIA U.S. FIRST CLASS MAIL**</u>
<u>**VIA FACSIMILE: (334) 832-4390**</u>
<u>**VIA EMAIL: AMYLINDSEY@ANDERSONNELMS.COM**</u>

Keith Anderson Nelms, Esq.
Anderson Nelms & Associates, LLC
847 So. McDonough Street
Montgomery, Alabama 36104

Re:    <u>**Jerome Kelley v. Cracker Barrel Old Country Store, Inc.**</u>
        <u>**Civil Case No. 2:07-CV-820-MEF**</u>

Dear Andy:

In connection with the above-referenced matter, please be advised that we served the following discovery requests upon you on Thursday, November 1, 2007 by U.S. first-class mail:

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Interrogatories ("Defendant's First Interrogatories");

- Defendant Cracker Barrel Old Country Store, Inc.'s First Requests for Production of Documents ("Defendant's First Requests to Produce"); and

- Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Admissions ("Defendant's First Requests to Admit").

Per the Federal Rules of Civil Procedure, Plaintiff's responses to each of these discovery requests ("Plaintiff's responses") were due last Thursday, December 6, 2007. <u>See</u> Fed. R. Civ. P. 33(b)(3), 34(b), and 36(a). As of the close of business today, Tuesday, December 11, 2007, we have yet to receive <u>any</u> such responses. **We kindly request that you provide us with Plaintiff's responses by**

ALABAMA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  TENNESSEE  •  WASHINGTON, D.C.  •  BEIJING, CHINA

Representative Office,
BDBC International, LLC

Keith Anderson Nelms, Esq.
December 11, 2007
Page 2

**the close of business on Thursday, December 13, 2007 or we will be forced to move the Court to compel production on Friday, December 14, 2007.** See Fed. R. Civ. P. 37(a).

Please be advised that, as your objections to Defendant's First Interrogatories and Defendant's First Requests to Produce were not timely stated, <u>all</u> such objections are deemed waived. See Fed. R. Civ. P. 33(b)(4); see generally Fed. R. Civ. P. 34; see also Essex Ins. Co. v. Neely, 236 F.R.D. 287 (N.D.W. Va. 2006) (while Rule 34 does not contain the same specificity and waiver provisions as Rule 33, the Advisory Committee notes to Rule 34 state that the procedure for Rule 34 is essentially the same as for Rule 33); Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255 (M.D.N.C. 2001) (waiver is implicit in Rule 34's requirement that objections be explicitly stated). Please also be advised that, as Plaintiff's responses to Defendant's First Requests to Admit were not timely served, <u>all</u> such requests are deemed admitted. See Fed. R. Civ. P. 36(a).

We also note that that you have failed to respond to our letter, dated December 3, 2007, requesting that you provide us with proposed dates during the second or third week of January 2008 for Plaintiff's deposition. **Please provide us with such dates by the close of business tomorrow, Wednesday, December 12, 2007. Please also confirm at that time that you will provide us with Plaintiff's responses by the close of business on Thursday, December 13, 2007.**

Thank you for your prompt attention to this matter.

Best regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

Stephen Pocalyko

cc:    David Gevertz