IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEROME KELLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 2:07-CV-820-MEF |
| v. ) | |
| ) | |
| **CRACKER BARREL OLD** ) | |
| **COUNTRY STORE, INC.** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

Defendant opposes Plaintiff's Counsel's motion to withdraw <u>until</u>: (a) the discovery disputes described in Defendant's Motion to Compel Discovery, as filed on December 17, 2007, have been resolved; (b) Plaintiff obtains new legal representation or, in the alternative, agrees to proceed in representing himself <u>pro se</u>; and (c) Plaintiff's Counsel financially compensates Defendant for expenses incurred by Defendant in bringing its Motion to Compel Discovery.

Again, Plaintiff's Counsel <u>personally</u> bears responsibility for certain expenses arising out of this litigation. The United States Code provides that:

> <u>Any attorney</u> or other person admitted to conduct cases in any court in the United States or any Territory thereof <u>who so multiplies the proceedings in any case unreasonably and vexatiously</u> may be

1

<u>required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct</u>.

28 U.S.C. § 1927 (2007) (emphasis added).  <u>See also</u> Fed. R. Civ. P. 37 (a)(4)(A) (2007) (requiring the party or his attorney who necessitated the filing of a motion to compel to pay the costs associated with the same).

Here, Defendant's Motion to Compel Discovery was not necessitated merely by a "breakdown in the attorney/client relationship" between Plaintiff and Plaintiff's Counsel; <u>it was primarily necessitated by Plaintiff's Counsel's refusal to engage the undersigned</u>. Specifically, Plaintiff's Counsel <u>never</u>: (1) requested additional time in which to respond to Defendant's discovery requests; (2) responded to the undersigned's letter requesting to know when it would receive Plaintiff's discovery responses once they were overdue; or (3) informed the undersigned that he could not respond to the discovery requests or predict when Plaintiff's discovery responses would be forthcoming because his relationship with Plaintiff had "broken down." Any of these three minimal gestures would have spared Defendant the costs it incurred in drafting its Motion to Compel.[1]

---

[1] The undersigned contacted Plaintiff's Counsel on December 11, 2007 (by U.S. first class mail, by fax, <u>and</u> by email) regarding Plaintiff's non-response to Defendant's discovery requests.

Respectfully submitted this 27th day of December, 2007.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**<br>Six Concourse Parkway<br>Suite 3100<br>Atlanta, Georgia 30328<br>Phone: 678.406.8700<br>Fax:  678.406.8816 | /s/ Stephen P. Pocalyko<br>Stephen P. Pocalyko, Esq.<br>*Admitted pro hac vice*<br>Georgia Bar No. 582602<br>Email: spocalyko@bakerdonelson.com<br><br>David E. Gevertz, Esq.<br>*Admitted pro hac vice*<br>Georgia Bar No. 292430<br>Email: dgevertz@bakerdonelson.com |
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**<br>1600 Wachovia Tower<br>420 20th Street North<br>Birmingham, Alabama 35203<br>Phone: 205.328.0480<br>Fax:  205.322.8007 | Harriet Ivy, Esq.<br>Alabama State Bar No. 2901T531<br>Email: hivy@bakerdonelson.com<br><br><br>*Attorneys for Defendant*<br>*Cracker Barrel Old Country Store, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 2:07-CV-820-MEF |
| v. | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW** with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following CM/ECF counsel of record:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@andersonnelms.com

This 27th day of December, 2007.

/s/ Stephen P. Pocalyko
Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602