## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JEROME KELLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** | ) | |
| | ) | |
| **CRACKER BARREL OLD** | ) | |
| **COUNTRY STORE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), by and through its undersigned counsel, hereby moves this Honorable Court for an Order granting summary judgment in its favor. The documents on which this Motion is based evidence that there is no genuine issue as to any material fact and Cracker Barrel is entitled to judgment as a matter of law because this action was not timely filed. As grounds for this Motion, Cracker Barrel states that this action was not filed within 90 days of Plaintiff Jerome Kelley's receipt of his right to sue letter. In support of this Motion, Cracker Barrel relies upon the entire record, including the following:

1.    The Complaint filed by the Plaintiff in this action;

1

2.    Cracker Barrel's Brief in support of this Motion, filed contemporaneously herewith;

3.    Selected excerpts and exhibits from the deposition of Plaintiff, attached hereto as collective **Exhibit 1**;

4.    Defendant Cracker Barrel Old Country Store, Inc.'s First Set of Requests for Admission, attached hereto as **Exhibit 2**;

5.    Plaintiff's Second Amendment to his Responses and Objections to Defendant's First Requests for Admission, attached hereto as **Exhibit 3**;

6.    Such other affidavits, depositions, or evidence that may be properly filed and served before the hearing on this Motion.

WHEREFORE, for the foregoing reasons and the reasons set forth in its Brief, Cracker Barrel respectfully requests that its Motion for Summary Judgment be granted pursuant to Rule 56.

Respectfully submitted this 28th day of April, 2008.

2

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

/s/ David E. Gevertz
David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com

*Attorneys for Defendant
Cracker Barrel Old Country Store, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **JEROME KELLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** ) | |
| ) | |
| **CRACKER BARREL OLD** ) | |
| **COUNTRY STORE, INC.** ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following CM/ECF counsel of record:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@andersonnelms.com

This 28th day of April, 2008.

/s/ David E. Gevertz
David E. Gevertz, Esq.
Georgia Bar No. 292430

4

Jerome Kelley 4-15-08.txt

```
 4        A. Yes.

 5        Q. I think we've already covered before

 6     that you were paid through July 27th of

 7     2006; correct?

 8        A. Yes, sir.

 9        Q. And that you have since gone on to get

10     a job that pays you a higher base salary;

11     correct?

12        A. Yes, sir.

13        Q. You filed a charge of discrimination;

14     right, with the EEOC?

15        A. Yes, sir.

16        Q. And that is Exhibit 18.

17           (Defendant's Exhibit 18 was marked and

18     attached.)

19        Q. (BY MR. GEVERTZ) Did you type this

20     out?

21        A. No, sir.

22        Q. Who did?

23        A. My lawyer.
```

                                          313


```
 1        Q. Mr. Nelms?

 2        A. His secretary, I think.

 3        Q. All right.  Mr. Nelms' office typed

 4     this out for you?

 5        A. Yes, sir.

 6        Q. You say "Soon thereafter," meaning

 7     after Ms. Goodnight's complaint, "you were

 8     fired from your employment with little or no

 9     explanation."

10           That's not true, is it?
```
                        Page 248


EXHIBIT
1

Jerome Kelley 4-15-08.txt

11          A. When he terminated me, he just said it
12     was for creating a hostile work environment.
13          Q. You had had a long meeting with Mr.
14     Lausman two days earlier in which you
15     discussed the allegations?
16          A. We discussed it, yes, sir.
17          Q. It would not be true that you were not
18     given an explanation as to why you were
19     terminated?
20          A. Yes, it would.
21          Q. In fact, you anticipated being
22     terminated when you got the call?
23          A. Yes, sir.

                                              314


1          Q. "This allegation came without any
2     investigation or inquiry as to my position
3     regarding the facts."
4            That's not true, is it?
5          A. Yes, it is.
6          Q. There was no investigation?
7          A. No.
8          Q. There were no statements?
9          A. I'm talking about Kim Goodnight.  But
10     as far as that day, yes.
11          Q. "It is alleged that I created a
12     hostile work environment.  This allegation
13     came without any investigation or inquiry as
14     to my position regarding the facts."
15            That, sir, is a lie; true?
16          A. Yes, sir.

                     Page 249

Jerome Kelley 4-15-08.txt

17          MR. NELMS:  I'm sorry, true that it is

18    not true?

19         Q. (BY MR. GEVERTZ) True that it is a

20    lie; correct?

21         A. It's true that a proper investigation

22    wasn't done, right.

23         Q. "It is alleged that I created a

                                              315


1    hostile work environment.  This allegation

2    came without any investigation or inquiry as

3    to my position regarding the facts."

4         That statement is a lie; isn't it?

5         A. No, sir.

6         Q. Are you telling me after all of the

7    documents we have looked through that you

8    contend that there was no investigation?

9         A. Maybe not a proper investigation,

10   maybe that should have been the words.

11        Q. It says without any investigation.

12        A. Okay.  Yes, sir.

13        Q. You submitted a written statement?

14        A. Yes, sir.

15        Q. You met in person with Mr. Lausman;

16   correct?

17        A. Yes, sir.

18        Q. The police showed up at your office;

19   right?

20        A. They showed up at the restaurant, yes,

21   sir.

22        Q. It is not true that no investigation

23   or inquiry occurred; that is a false, isn't

Jerome Kelley 4-15-08.txt

316

1    it?

2        A. Yes, sir.

3        Q. You say that Mr. Nelms' office

4    prepared this document for you.  Did you

5    review it before you signed it?

6        A. Yes, sir, I did.

7        Q. You understood that when you signed

8    it, you did so under the penalty of perjury?

9        A. Yes, sir.

10       Q. And was it your intention that the

11   EEOC keep in touch with Mr. Nelms' office?

12       A. Yes, sir.

13       Q. At the time you lived at 100 McQueen

14   Smith Road, Apartment G-3?

15       A. Correct.

16       Q. But that was right around the time you

17   were about to move to Melmar Drive?

18       A. No, sir.

19       Q. When did you ultimately move?

20       A. I moved in April of '07.

21       Q. So you were living on Melmar Drive up

22   until April of '07?

23       A. No, sir.  I was living on McQueen

317

1    Smith.

2        Q. This is Exhibit 19 (indicating).

3            (Defendant's Exhibit 19 was marked and

4    attached.)

Page 251

Jerome Kelley 4-15-08.txt

5      Q. (BY MR. GEVERTZ) Let me also, for the

6    sack of convenience, go ahead and mark

7    Exhibits 20 and 21, which, with any luck,

8    will be our final exhibits.  This one is 20

9    (indicating) --

10         MR. NELMS:  Let Pocalyko finish for

11    you.

12       Q. -- and 21 (indicating).

13         (Defendant's Exhibits 20 and 21 were

14    marked and attached.)

15       Q. (BY MR. GEVERTZ) Did you inform the

16    EEOC Mr. Nelms was representing you?

17       A. No, sir, I don't think so.

18       Q. The reason I ask is Exhibit 21 has his

19    name on it, and this is an EEOC document.

20       A. I'm not sure.

21       Q. All right.  Then if we look at Page --

22    excuse me, Exhibit 20, we see that Mr. Nelms

23    was the recipient of this letter from the

                                            318


1    EEOC inviting you all to correspond with the

2    investigator if you so chose.  Did you

3    receive notice of the fact that this

4    correspondence had come in?

5       A. Yes, sir.

6       Q. You were in routine correspondence

7    with your attorney at that time; correct?

8       A. Yes, sir.

9       Q. And then if we go to Exhibit 19, this

10    was a notice of Right to Sue that you

11    received?

                      Page 252

Jerome Kelley 4-15-08.txt

12      A. Yes, sir.

13      Q. All right.  It appears to be marked

14   June 4th, 2007.  Do you know when you

15   received it?

16      A. No, sir.

17      Q. But you did receive it; correct?

18      A. Yes, sir, I assume.

19      Q. And you understood that the EEOC was

20   ending its investigation into this charge;

21   correct?

22      A. Yes, sir.

23      Q. And that's when you decided to proceed

                                      319


1   with litigation --

2      A. Yes, sir.

3      Q. -- specifically this case?

4      A. Yes, sir.

5      Q. Did you ever speak with Mr. Jones, Mr.

6   Leon Jones, the EEOC investigator?

7      A. Yes, sir.

8      Q. How many times?

9      A. Several.

10      Q. Did you take any notes of those

11   conversations?

12      A. No, sir.

13      Q. Did you call him; did he call you?

14      A. It was back and forth.  I think the

15   first contact was made by him.

16      Q. Had you requested that EEOC send a

17   copy of your Right to Sue notice to your

Page 253

Jerome Kelley 4-15-08.txt

18    attorney?

19        A. Yes, sir.

20        Q. And, of course, you filed this

21    complaint, which I won't enter into the

22    record, filed September 12th of 2007; is

23    that your understanding?

320

1        A. Yes, sir.

2        Q. Did you review that complaint before

3    it was filed?

4        A. No, sir.

5        Q. You didn't take a look at it to make

6    sure it was true?

7        A. No, sir.

8        Q. Have you looked at it since it was

9    filed?

10        A. I don't know.  I've looked at it a

11    lot.  Do you have a copy of it?

12        Q. Oh, yeah.  I am happy to show it to

13    you.

14        (Defendant's Exhibit 22 was marked and

15    attached.)

16        A. Yes, sir, I think I did.

17        Q. (BY MR. GEVERTZ) Do you see anything

18    that is false or incomplete?

19        A. No, sir, not right offhand.

20        Q. All right.  Paragraph eight says you

21    worked along side Kim Goodnight and not

22    above her; right?

23        A. Yes, sir.

321

Page 254

Jerome Kelley 4-15-08.txt

1       Q. Why did you choose that word in your
2    complaint?
3       A. I'm not sure.
4       Q. Paragraph 10, during your employment
5    at Cracker Barrel, you were never written up
6    or reprimanded because of your performance;
7    is that right?
8       A. Yes, sir.
9       Q. So you were never the subject of any
10   sort of discrimination in that regard;
11   correct?
12      A. No, sir.
13      Q. Paragraph 12, "On several occasions,
14   Kim served food or drinks to white employees
15   but denied the same to black employees."
16   That's only partially true; right?
17      A. Yes, sir.
18      Q. Really, to be completely accurate, it
19   would say on several occasions Kim served
20   food and drinks to white and black employees
21   who worked for her but not to those who
22   didn't work for her?
23      A. Yes, sir.

                                        322


1       Q. Paragraph 15, "Immediately after the
2    event alleged in the foregoing paragraph,
3    defendant fired plaintiff without any
4    investigation or inquiry into Kim's
5    allegations."  That is false?
                    Page 255

Jerome Kelley 4-15-08.txt

6       A. Yes, sir.

7       Q. "Defendant failed or refused to

8    provide plaintiff with any administrative

9    meeting to discuss his position regarding

10   Kim's allegations."  That is false?

11      A. Yes, sir.

12      Q. Mr. Kelley, do you allege that you

13   suffered any mental injury or illness as a

14   result of your employment at Cracker Barrel?

15      A. No, sir, nothing that I can prove.

16         MR. NELMS:  That's not his question.

17      A. No, sir.

18      Q. (BY MR. GEVERTZ) Have you now told me

19   all the ways that you think you were

20   mistreated at Cracker Barrel?

21      A. Yes, sir, I think so.

22      Q. Have you told me all the people you

23   believe who mistreated you?

                                          323


1       A. Yes.

2       Q. Have you told me all the reasons that

3    you think they mistreated you?

4       A. Yes, sir.

5       Q. Every time you have not understood a

6    question that I have asked you, have you

7    told me?

8       A. Yes, sir.

9       Q. Have I explained myself to your

10   satisfaction?

11      A. Yes, sir.

12      Q. I appreciate your time and your
                      Page 256

Jerome Kelley 4-15-08.txt

13    patience with me today.

14        MR. GEVERTZ:  I don't have any other

15    questions.

16        MR. NELMS:  I have no questions.

17

18        FURTHER DEPONENT SAITH NOT

19

20

21

22

23

324

1             C E R T I F I C A T E

2

3             I, SUSAN MASTERS GOLDMAN, Certified

4    Shorthand Reporter, License Number 83, and

5    Commissioner, hereby certify that the above

6    and foregoing deposition was taken down by

7    me on Computerized Stenotype, and the

8    questions and answers thereto were

9    transcribed by me, and that the foregoing

10    represents a true and correct transcript of

11    the deposition given by said witness upon

12    said hearing.

13             I further certify that I am neither

14    attorney or counsel for, nor related to or

15    employed by any of the parties to the action

16    in which this deposition is taken.

17

18

Page 257

Jerome Kelley 4-15-08.txt

19              SUSAN MASTERS GOLDMAN

20              CSR, LICENSE NO. 83

21

22

23

CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☑ EEOC | 420-2006-0943? |

_____ and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms, Mrs.) Jerome Kelley | HOME TELEPHONE *(Include Area Code)* (334)361-0584 |
|---|---|

| STREET ADDRESS 100 McQueen Smith Rd, Apt G-3 | CITY, STATE AND ZIP CODE Prattville, AL 3606? | DATE OF BIRTH 05/15/1964 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME Cracker Barrel | NUMBER OF EMPLOYEES, MEMBERS 500+ | TELEPHONE *(Include Area Code)* (334) 382-9361 |
|---|---|---|

| STREET ADDRESS 180 Interstate Drive, | CITY, STATE AND ZIP CODE Greenville, Alabama 36037 | COUNTY Butler |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es) | DATE OF DISCRIMINATION TOOK PLACE EARLIEST                LATEST |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN ☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify) | 1/13/03                  7/10/06 ☐ CONTINUING ACTION |

I am an African American male age 42. At all time relevant, I was an employee of Cracker Barrel Store 326 in Greenville, Alabama. On or about July 10, 2006, I was fired from my position with Cracker Barrel after I complained a number of times about a coworker Kim Goodnight (White/Female, age 32). Ms. Goodnight was subordinate employee, she was also the retail manager. I had complained numerous times regarding Ms. Goodnight's inappropriate behavior at the workplace including chronic absenteeism and tardiness. I had a number of work related issues with Ms. Goodnight over the course of ten months we worked together. Although I complained to my area manager regarding Ms. Goodnight's conduct little or no action was taken by management to reprimand Ms. Goodnight. However, on one occasion after repeatedly warning Ms. Goodnight regarding her behavio,r Ms. Goodnight complained to management about me. Allegedly she stated that I threatened her in some way. Soon thereafter I was fired from my employment with little or no explanation. It is alleged that I created a hostile work environment. This allegation came without any investigation or inquiry as to my position regarding the facts. It is my belief that Cracker Barrel took the position that because I am an African American and Ms. Goodnight is Caucasian, they should believe the words Ms. Goodnight over mine.

| I want this charge filed with both the EEOC and the State or local Agency, it any   I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct | SIGNATURE OF COMPLAINANT |
| Date *8/16/06*                        Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |

EEOC FORM 5 (Rev 07/99)

DEFENDANT'S EXHIBIT

18

CB-000460

8-22-06

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ⌐  Angela Rollins<br>Guest Relations<br>CRACKER BARRELL<br>305 Hartman Drive<br>Lebanon, TN 37087           ⌐ | Jerome Kelley |
| | THIS PERSON (check one or both) |
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |
| L                                    ⌐ | EEOC CHARGE NO.<br>420-2006-04431 |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1   [ ]   No action is required by you at this time

2   [ ]   Please call the EEOC Representative listed below concerning the further handling of this charge

3   [X]   Please provide by    **15-SEP-06**    a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4   [ ]   Please respond fully by      to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation

5   [X]   EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by    **30-AUG-06** to   **Debra B. Leo, ADR Coordinator, at (205) 212-2033**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Debra B. Leo,<br>ADR Coordinator | Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|
| *EEOC Representative* | |
| *Telephone*   (205) 212-2146 | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| August 15, 2006 | Bernice Williams-Kimbrough,<br>District Director | *Bernice Williams-Kimbrough*<br>(RRh) |

CB-000461

 

## CONSENT TO MEDIATION

The employer is in receipt of Charge No._____ filed by _____
_____ against _____. The employer is interested
in resolving this charge through Equal Employment Opportunity Commission's (EEOC)
Alternate Dispute Resolution (mediation) process.

We understand that if the charge is selected for mediation, the charge will be mediated by the
EEOC ADR Administrator who is a certified mediator or another neutral mediator who is not
employed by the Commission.

We understand that the mediation process is voluntary and non-binding. We understand that
either the Charging Party or Respondent may opt out of mediation at any time without adversely
affecting the way the EEOC will process the charge. If the charge is not resolved through
mediation, it will be processed through EEOC's charge processing procedure. Should the charge
be resolved through mediation, the EEOC will terminate its processing of the charge. The
approximate time for the ADR process is sixty (60) days.

We understand that the mediation process is confidential. The employer will not disclose any
information discussed within the mediation process or the outcome of the mediation process.
The employer does authorize the mediator to disclose to the EEOC's Birmingham District Office
the final results of the mediation process and any benefits received by the complainant. This
information is reported for ADR program evaluation purposes only.

If the charge is selected for mediation, the employer agrees to cooperate with the EEOC and the
mediator toward resolving the charge.

_____        _____
Signature for the Respondent                                    Date

 

EEOC Form 161-B (10/96)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Jerome Kelley | From: U. S. Equal Employment Opportunity Commission |
|---|---|
| c/o K. Anderson Nelms, Esq | Ridge Park Place |
| Law Offices of Jay Lewis, LLC | 1130 22th Street, North, Suite 2000 |
| Post Office Box 5059 | Birmingham, Alabama 35205 |
| Montgomery, AL 36103 | (205) 212-2100 |

[   ]  *On behalf of person(s) aggrieved whose identity is*
       *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 04431 | Leon P. Jones | (205) 212-2141 |

*(See also the additional Information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[   ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[   ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[   ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the
Commission

*Delner Franklin-Thomas*                                    JUN 2007

Enclosure(s)            Delner Franklin-Thomas, District Director            *(Date Mailed)*

cc:   David J. Middlebrooks, Esq
      LEHR MIDDLEBROOKS & VREELAND, PC
      Post Office Box 11945
      Birmingham, AL 35202-1945

DEFENDANT'S
EXHIBIT

CB-000525

 

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS —  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within
90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult
an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him
or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner,
it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases
can be brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office. If you have simple questions, you usually can get answers from the office of the
clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal
strategy decisions for you.

PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit
<u>before 7/1/98</u> -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore,
if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be
filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION — Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to
explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

CB-000526



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BIRMINGHAM DISTRICT OFFICE
RIDGE PARK PLACE - SUITE 2000
1130 22ND STREET, SOUTH
BIRMINGHAM, ALABAMA 35205

RECD JUN 6 20

UNITED STATES POSTAGE
$ 00.4
02 1A
0004600994    JUN 05  2
MAILED FROM ZIP CODE 35

**OFFICIAL BUSINESS**
Penalty for private use $300

35202$1945 6031

CB-000527



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22ⁿᵈ Street, Suite 2000
Birmingham, AL  35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Attorney Andy Nelms
Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL  36103

Reference:    Jerome Kelly  v.  Cracker Barrel
              Charge Number 420 2006 04431

Dear Mr. Nelms:

The above-referenced charge of discrimination is assigned to me for investigation.  If you wish to contact me, my office hours are Monday through Friday from 8:00 a.m. to 5:00 p.m.  My telephone number is 205/212-2141. If you call and do not speak with me, please leave a message and allow me two business days to return your call.

Please note that **anytime prior to the conclusion of the investigation of this charge, we can engage in the negotiated settlement process to resolve the allegations of your charge.** Please contact me if you wish to engage in the negotiated settlement process.

                                    Sincerely,

2 2 FEB 2007
_____          _____
Date                              Leon Jones/Investigator

Mr. Jerome Kelley
100 McQueen Smith Road – Apt. G-3
Prattville, AL  36066


DEFENDANT'S EXHIBIT



**DEFENDANT'S EXHIBIT**

24

## MAILING INSTRUCTIONS

**CHARGE NO.**          420  2006 04431

**CHARGING PARTY**

| | |
|---|---|
| Name | Mr. Jerome Kelley |
| Street Address | 100 McQueen Smith Rd., Apt. G-3 |
| City, State & Zip | Prattville, Al 36066 |
| Tel. No.(w/ area code) | |

**CHARGING PARTY ATTORNEY**

| | |
|---|---|
| Name | Mr. K. Anderson Nelms |
| Firm | Law Offices of Jay Lewis, LLC |
| Street Address | P.O. Box 5059 |
| City, State & Zip | Montgomery, Al 36103 |
| Tel. No.(w/ area code) | 334-263-7733 |

Correct name and address of Respondent and Respondent's Representative to whom correspondence (decision, etc.) should be mailed:

Ms. Cindy Shields
Manager, Labor Relations
Cracker Barrel Old Country Store
P.O. Box 787
Lebanon, Tennessee 37088-0787
615-443-4444  Extension 7076

If there is an attorney, other than Respondent's Representative named above, give correct name, firm, and address. (If the attorney is not an "in house" attorney, give name of a Respondent Representative (above) to whom copies should be mailed.)

If any of the above information has changed since the investigation, provide the most current information below (include names, addresses, zip codes, and telephone numbers where it is indicated above.)

Coding Information:

CPR-CP Representative
CPC-Contact Information

CLR-C. P. Legal Representative
RLR-Legal Representative
RPC-Contact Information
ROF-Requesting Official

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JEROME KELLEY )
      Plaintiff, )
     )
v. )    Civil Case No. 2:07-CV-820-MEF
     )
CRACKER BARREL OLD )
COUNTRY STORE, INC. )
     )
      Defendant. )

### DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Cracker Barrel Old Country Store, Inc. propounds this First Set of Requests for Admission pursuant to Federal Rule of Civil Procedure 36.

## I.    INSTRUCTIONS AND DEFINITIONS:

1. These Requests for Admission are propounded to, and must be answered by, Plaintiff.

2. These requests are continuing in the manner provided by law, including Fed. R. Civ. P. 26(e), requiring supplementation of these responses.

1



3.    If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portion(s).

4.    If your response to any of these requests is qualified in any manner, please set forth the details of such qualification.

5.    "You" or "your" shall mean Plaintiff, Plaintiff's attorneys, agents, or representatives, and all persons acting on Plaintiff's behalf.

6.    "Defendant" means Cracker Barrel Old Country Store, Inc. and its subsidiaries, parents, employees, agents, attorneys and any other individual representing or purporting to represent it.

## II. REQUESTS FOR ADMISSION:

1.    Since August 2006, you have continuously resided at 100 McQueen Smith Road, Apt. G-3, Prattville, Alabama 36066.

2.    Since August 2006, you have been able to continuously correspond with your attorney, K. Anderson Nelms, Esq., at the following mailing address:

Law Offices of Jay Lewis, LLC, Post Office Box 5059, Montgomery,

Alabama 36106.

3.    You were not disabled in June 2007.

4.    You never witnessed any incident(s) of discriminatory or otherwise unlawful

conduct involving another employee at Cracker Barrel Store No. 326, other

than that (those) incident(s) allegedly involving Retail Manager Kimberly

Goodnight.

5.    You never complained to Defendant about any incident(s) of discriminatory

conduct involving any employee at Cracker Barrel Store No. 326 other than

those incidents allegedly involving Retail Manager Kimberly Goodnight.

6.    No one prevented you from complaining to Cracker Barrel about any

perceived unfair treatment or discrimination.

7.    Retail Manager Kimberly Goodnight never refused to provide food and/or

drink to any African-American hourly retail employee at Cracker Barrel

Store No. 326.

8.    On July 9, 2006, Retail Manager Kimberly Goodnight refused to provide

food and drink to all non-retail employees at Cracker Barrel Store No. 326,

including Caucasian non-retail employees.

3

9.  On July 9, 2006, you verbally confronted Retail Manager Goodnight at Cracker Barrel Store No. 326 after she hung up the telephone on you.

10. The Greenville, Alabama Police Department issued a citation on July 9, 2006, in which you were cited for unlawfully imprisoning Ms. Goodnight.

11. Prior to your termination on July 12, 2006, Restaurant District Manager Mark Lausman met with you to discuss the events leading up to and including your verbal confrontation with Ms. Goodnight on July 9, 2006.

4

Respectfully submitted this 1st day of November, 2007.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com

*Attorneys for Defendant*
*Cracker Barrel Old Country Store, Inc.*

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JEROME KELLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 2:07-CV-820-MEF |
| v. | ) | |
| | ) | |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing

**DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S**

**FIRST SET OF REQUESTS FOR ADMISSION** on the following via First-

Class U.S. Mail:

> Keith Anderson Nelms, Esq.
> Law Offices of Jay Lewis, LLC
> 847 So. McDonough St., #100, Montgomery, AL 36104
> andynelms@JayLewisLaw.com

This 1st day of November, 2007.

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

JEROME KELLEY,         )
                                   )

     Plaintiff,         )
                                   )

v.                           )
                                 )     **Civil Case No. 2:07-CV-820-MEF**

**CRACKER BARREL OLD**     )
**COUNTRY STORE, INC.,**    )
                                 )

     Defendant.       )

## PLAINTIFF'S SECOND AMENDMENT
## TO HIS RESPONSES AND OBJECTIONS
## TO DEFENDANT'S
## FIRST REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the *Federal Rules of Civil Procedure*, Plaintiff hereby amends and/or supplements his responses to Defendant's First Requests for Admission as follows:

## GENERAL OBJECTIONS

a)  Plaintiff objects to these Requests for Admission to the extent they demand admission regarding any information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege. To the extent any privileged information is discussed by Plaintiff, its discussion is inadvertent and does not constitute a waiver of any privilege.

b)  Plaintiff objects to these Requests for Admission to the extent that they seek to impose upon Plaintiff obligations or burdens which are greater than, or inconsistent with, Rule 36 of the *Federal Rules of Civil Procedure*.

c)  Plaintiff objects generally to these Requests for Admission to the extent that they are overly broad and burdensome. Plaintiff has made a good faith effort to respond to the Requests, but reserves the right to object to, and move to have vacated, all of these Requests.

**EXHIBIT**

3

d) The following responses and objections are based upon information now known. Plaintiff has not yet completed discovery or preparation for trial in this action and therefore will supplement these responses and objections to the extent required by the *Federal Rules of Civil Procedure*.

e) Without waiving these objections and by way of response, Plaintiff provides the following responses.

## Responses and Specific Objections

**Response to Requests for Admission # 1:**
Subject to and incorporating the General Objections, Plaintiff answers in the negative. Plaintiff states that since August, 2006, he also resided at 122 Melmar Drive, Prattville, Alabama 36067. Plaintiff is not in the possession, custody or control of any documents responsive to this Request.

**Response to Requests for Admission # 2:**
Subject to and incorporating the General Objections, Plaintiff answers in the affirmative.

**Response to Requests for Admission # 3:**
Subject to and incorporating the General Objections, Plaintiff states that he was not disabled in June, 2007. Plaintiff is not in the possession, custody or control of any documents responsive to this Request.

**Response Requests for Admission # 4:**
Subject to and incorporating the General Objections, Plaintiff states that he only witnessed discriminatory acts by Kimberly Goodnight, Mark Lausman and Beth Rhame. Plaintiff is not in the possession, custody or control of any documents responsive to this Request.

**Response to Requests for Admission # 5:**
Subject to and incorporating the General Objections, Plaintiff states that he never complained about any other discriminatory conduct at Defendant's restaurant other than the incidents involving Kim Goodnight. Plaintiff is not in the possession, custody or control of any documents responsive to this Request.

**Response to Requests for Admission # 6:**
Subject to and incorporating the General Objections, Plaintiff states that no one prevented him from complaining to Defendant about any perceived unfair treatment or discrimination. Plaintiff is not in the possession, custody or control of any documents responsive to this Request.

**Response to Requests for Admission # 7:**
Subject to and incorporating the General Objections, Plaintiff states that he doesn't possess any knowledge of Mrs. Goodnight's refusal to offer Defendant's African-American employees food and/or drinks. Furthermore, Plaintiff states that Mrs.

Goodnight failed to offer food and/or drink to Defendant's African-American employees on several occasions in which she did offer the same to Caucasian employees.

### Response to Requests for Admission # 8:
Subject to and incorporating the General Objections, Plaintiff answers in the affirmative.

### Response to Requests for Admission # 9:
Subject to and incorporating the General Objections, Plaintiff answers in the affirmative.

### Response to Requests for Admission # 10:
Subject to and incorporating the General Objections, Plaintiff answers in the negative. Plaintiff states that members of the Greenville, Alabama Police Department arrived on the scene and obtained statements from himself and various witnesses. However, Plaintiff denies that he was cited for unlawfully imprisoning Mrs. Goodnight.

### Response to Requests for Admission # 11:
Subject to and incorporating the General Objections, Plaintiff answers in the affirmative.

RESPECTFULLY SUBMITTED this 25th day of February, 2008.

As to Objections,
Jerome Kelley
By his attorney,

/s/ Andy Nelms
Keith Anderson Nelms
Attorney for Plaintiff
847 So. McDonough Street, Ste 100
Montgomery, AL 36104
(334) 263-7733 (voice)
(334) 832-4390 (fax)
Andynelms@andersonnelms.com

OF COUNSEL:
LAW OFFICES OF JAY LEWIS, LLC
847 So. McDonough Street, Ste. 100
Montgomery, Alabama 36104
(334) 263-7733 (voice)
(334) 832-4390 (fax)

Plaintiff states under the penalty of perjury that he has read the foregoing Interrogatory answers and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth above, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course

of preparation of these answers; that Plaintiff reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations the Interrogatory answers are true to the best of her knowledge, information, and belief.

As to Answers:

/s/ Jerome Kelley
Jerome Kelley

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and accurate copy of the foregoing by

hand delivery and /or United States Mail, postage prepaid and properly addressed, to the

following party on this 25th day of February, 2008:

David E. Gevertz
Stephen P. Pocalyko
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Six Concourse Parkway, Suite 3100
Atlanta, Georgia 30328
Phone: (678) 406-8700
Fax:    (678) 406-8816

Harriet Ivy
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: (205) 328-0480
Fax:    (205) 322-8007

/s/ Andy Nelms
Of Counsel