## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JEROME KELLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Case No. 2:07-CV-820-MEF** |
| **v.** ) | |
| ) | |
| **CRACKER BARREL OLD** ) | |
| **COUNTRY STORE, INC.** ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Comes the Defendant, Cracker Barrel Old County Store, Inc. ("Cracker Barrel"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and submits this Brief in support of its Motion for Summary Judgment. Cracker Barrel is entitled to judgment as a matter of law because the undisputed facts establish that this action was not timely filed. Therefore, Cracker Barrel respectfully requests that its Motion for Summary Judgment be granted.

## I.    STATEMENT OF FACTS

This is an action filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), wherein Plaintiff Jerome Kelley ("Plaintiff") alleges he was terminated from his employment at Cracker Barrel as a result of gender and race discrimination.

1

(Compl. ¶¶ 1, 21, 27.)  Through his attorney, Keith Anderson Nelms, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC").  (Pl. Dep. at 312, Ex. 18; Compl. ¶ 16.) Because Plaintiff was represented by Mr. Nelms, correspondence from the EEOC investigator was directed to Mr. Nelms.  (See Pl. Dep. at 317-18, Ex. 20.)  Indeed, Plaintiff directed the EEOC to communicate with Mr. Nelms' office; and Plaintiff has been able to continuously correspond with his attorney since the Charge was filed.  (See Pl. Dep. at 316, 318; Def.'s Req. for Admis. 2; Pl.'s 2d Am. Resp. to Req. for Admis. 2.)

On June 4, 2007, the EEOC issued its right to sue letter.  (Pl. Dep. Ex. 19.) Consistent with Plaintiff's request that a copy of the letter be sent to his attorney, the letter was addressed to "Jerome Kelley, c/o K. Anderson Nelms, Esq." and was sent to Mr. Nelms' law office in Montgomery.  (Pl. Dep. at 319-20, Ex. 19.)  The letter was mailed the following day, June 5, 2007,[1] from the EEOC's Birmingham office.  (Id.)  Plaintiff received this letter and understood that the EEOC was ending its investigation.  (Compl. ¶ 16; Pl. Depo. at 318.)  One hundred days from the date

---

[1] The copy of the envelope on the third page of Exhibit 19 to Plaintiff's deposition is a poor one that does not capture the year of the postmark.  However, because: (1) it was obtained simultaneously with the right to sue letter from counsel representing Cracker Barrel before the EEOC; (2) the month is the same on both the postmark and the letter; and (3) the day is one day later than the date the letter was issued, the year 2007 is a reasonable inference and has been presumed for purposes of this Brief.

2

of the letter, on September 12, 2007, Mr. Nelms filed this lawsuit on Plaintiff's behalf. (See Compl.)

## II.    STANDARD OF REVIEW

A court considering a motion for summary judgment must construe the evidence and make factual inferences in the light most favorable to the nonmoving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citations omitted).

Summary judgment is entered where it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the

3

ultimate burden of proof. Id. at 322-32, 325. The burden then shifts to the nonmoving party, which "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Summary judgment is not entered unless the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. See id. at 587.

## III.   LAW AND ARGUMENT

Cracker Barrel's Motion for Summary Judgment should be granted because the Plaintiff's action was not timely filed, and the evidence when viewed in the light most favorable to the Plaintiff does not demonstrate otherwise. As set forth below, a Title VII claimant has 90 days within which to bring a civil action against his employer after receipt of a right to sue letter from the EEOC. Here, the Plaintiff's suit was filed 100 days after the letter was issued, or 97 days after the right to sue letter was presumptively received. Accordingly, this lawsuit was not timely filed. Therefore, Cracker Barrel respectfully requests that its Motion for Summary Judgment be granted.

## A.   Under Title VII of the Civil Rights Act of 1964, A Claimant Must File Suit Within 90 Days of His Receipt of the Right to Sue Letter.

Plaintiff failed to file suit against Cracker Barrel within 90 days of receiving his right to sue letter from the EEOC. As such, this litigation is time-barred.

4

Pursuant to Title VII, if a charge of unlawful employment practices by an employer filed by a "person aggrieved" is dismissed by the EEOC, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge[.]"  42 U.S.C. 2000e-5(b), (f)(1).  Department of Labor regulations further establish that when the EEOC has dismissed a charge, it shall issue a notice of right to sue, which authorizes the aggrieved person to bring a civil action under Title VII pursuant to 42 U.S.C. 2000e-5(f)(1) "within 90 days from receipt of such authorization."  29 C.F.R. §§ 1601.28(b)(3), (e)(1); see also Zillyette v. Capital One Fin. Corp., 179 F.3d 1337 (11th Cir. 1999).

As a matter of law, a Title VII plaintiff must file suit within 90 days of receipt of the right to sue letter.  Because the case at bar was filed more than 90 days after Plaintiff's receipt of his right to sue letter, summary judgment is warranted.

**B.    Receipt of Right to Sue Letter by Claimant's Attorney Began the Running of the 90 Day Limitations Period.**

Summary judgment in favor of Cracker Barrel should be granted because the undisputed facts establish that Plaintiff filed this action more than 90 days after receiving his right to sue letter.

5

The United States Court of Appeals for the Eleventh Circuit has stated that statutory notification generally is complete only upon actual receipt of the right to sue letter. See Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005) (citations omitted). However, for purposes of 42 U.S.C. § 2000e-5(f)(1), the statute at issue in this case, notice to an attorney who represents the claimant in an EEOC proceeding constitutes notice to the claimant and begins the running of the 90 days allowed for the filing of suit. Decker v. Anheuser-Busch, 632 F.2d 1221, 1223 (5th Cir. 1980). Furthermore, notice is effective from the time of its delivery to the attorney's office, without regard to when the attorney may have actually read the communication. Id. at 1224.

In Decker, the sole question on appeal was whether a Title VII action was barred as untimely when filed 88 days after the plaintiff received the right to sue notice from the EEOC, but 91 days after that notice was received in the office of the plaintiff's attorney. 632 F.2d at 1221. The attorney had been representing the plaintiff during the EEOC processing of the charges of discrimination and had responsibility for both the administrative and judicial dimensions of the claim. Id. at 1222 n.3. The appellate court reversed the district court's denial of the defendant's motion to dismiss, holding that notice to the attorney constituted notice

6

to the claimant, and that such notice was effective from the time of its delivery to the attorney's office. Id. at 1221, 1223.

The Supreme Court of the United States approved the rule set forth in Decker. In Irwin v. Dep't Veterans Affairs, 498 U.S. 89, 93 (1990), the Court held that the lawsuit had not been timely filed and stated, "To read the term 'receipt' to mean only 'actual receipt by the claimant' would render the practice of notification through counsel a meaningless exercise. If Congress intended to depart from the common and established practice of providing notification through counsel, it must do so expressly."

The facts of Irwin are similar to those of Decker. In Irwin, the plaintiff filed a complaint with the Veteran's Administration ("VA") and an EEOC charge against the VA after he was fired, alleging that he was unlawfully discharged because of his race and physical disability. Id., at 90-91. The VA dismissed the plaintiff's complaint, and the EEOC affirmed that decision by a letter dated March 19, 1987. Id. at 91. The letter was sent to both the plaintiff and his attorney and expressly informed them that the plaintiff had the right to file a civil action under Title VII within 30 days of the receipt of the EEOC notice. Id. The plaintiff alleged that he did not receive the EEOC's letter until April 7, 1987, and that the letter to his attorney arrived at the attorney's office on March 23, 1987, while the attorney was

out of the country. Id. Accordingly, the attorney did not learn of the EEOC's action until his return on April 10, 1987. Id. Forty-four days after the EEOC notice was received at the attorney's office but only 29 days after the plaintiff claimed he received the letter, the complaint was filed. Id. The defendant moved to dismiss, arguing, inter alia, that the court lacked jurisdiction because the complaint was not filed within 30 days of the EEOC's decision. Id. The district court granted the motion, and that decision was upheld by both the Fifth Circuit Court of Appeals and the Supreme Court. Id.

Noting that the plaintiff appeared by his attorney in the EEOC proceeding, the Supreme Court explained, "Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts, notice of which can be charged upon the attorney." Id. at 92 (internal quotations and citations omitted). Importantly, the Court declined to read the term "receipt" to mean "only actual receipt by the claimant," because doing so would render the practice of notification through counsel a "meaningless exercise." Id. at 93. Finally, the Court rejected the plaintiff's contention that there is a material difference between receipt by an attorney and receipt by that attorney's office for purposes of Title VII notice of right to sue, noting that federal courts and

8

the Federal Rules of Civil Procedure permit notice to a litigant to be made by delivery of papers to a litigant's attorney's office. Id.

Like the plaintiffs in both Decker and Irwin, Plaintiff here was represented by his attorney, Mr. Nelms, throughout the EEOC proceeding. (See Pl. Dep. at 3 12-320.) Per Plaintiff's direction, the EEOC right to sue letter was mailed to Mr. Nelms' office and was addressed to Plaintiff, "c/o K. Anderson Nelms, Esq." (Pl. Dep. Ex. 19.) Under Decker and Irwin, notice to Mr. Nelms constitutes notice to the Plaintiff and begins the running of the 90 days. Because this action was filed more than 90 days after Mr. Nelms received the right to sue letter, summary judgment in favor of Cracker Barrel is appropriate.

**C.    The Undisputed Facts Establish That Plaintiff Filed This Action More Than 90 Days After Receiving the Right to Sue Letter; Therefore, Cracker Barrel is Entitled to Judgment as a Matter of Law.**

Where the date of receipt of statutory notice of right to sue is in dispute,[2] the Eleventh Circuit Court of Appeals has applied a presumption of three days for receipt by mail. Kerr, 427 F.3d at 953 n.9 (citations omitted). Here, Plaintiff's right to sue letter was dated June 4 and mailed on June 5, 2007.[1] (Pl. Dep. Ex. 19.)

---

[2] Although the date Plaintiff physically received the right to sue letter is irrelevant under these facts, Plaintiff admitted to receiving the letter and, furthermore, he understood that the EEOC was ending its investigation. (Pl. Dep. at 318; Compl. ¶ 16.) Moreover, Plaintiff admitted that he was not disabled in June 2007 and that he has been able to continuously correspond with Mr. Nelms since August 2006. (See Def.'s Req. for Admis. 2, 3; Pl.'s 2d Am. Resp. to Req. for Admis. 2, 3.)

Because the letter was mailed the day after it was issued and it only had to travel a short distance, from Birmingham to Montgomery, the three-day presumption for receipt by mail is more than adequate in this case. (See id.) Therefore, the right to sue letter was presumptively received at Mr. Nelms' law office on June 7, 2007. Plaintiff's lawsuit should have been filed within 90 days of June 7, or no later than September 5. It was not. Instead, this suit was filed on September 12, 2007, one week beyond the 90-day deadline.

Plaintiff is not entitled to a "manipulable open-ended time extension which could render the statutory minimum meaningless" in this case. See Kerr, 427 F.3d at 952 (citations omitted). In Decker, the lawsuit was filed just 91 days after notice of the right to sue was received by the plaintiff's attorney – one day late. 632 F.2d at 1221. This case was filed still further beyond the deadline – 97 days after the right to sue was presumptively received by Mr. Nelms – or one week too late. In each case, the plaintiffs were represented by the same counsel before the EEOC who filed their Title VII claims in federal court. See id. at 1222 n.3. As the claims against Anheuser-Busch in Decker were time barred, so too are the claims in this lawsuit time barred. As set forth in Decker: "Congress fixed a period of 90 days after the giving of notice for the filing of suit. Notice was given. Ninety days passed. Thereafter suit was filed. The filing was not timely." 632 F.2d at 1224.

Because this lawsuit was not timely filed, summary judgment in favor of Cracker Barrel is appropriate.

## IV.    **CONCLUSION**

Plaintiff's Title VII claims against Cracker Barrel should be dismissed because this lawsuit was not filed in a timely manner. As a matter of law, parties aggrieved under Title VII have ninety days after receipt of their EEOC right to sue letter within which to file a lawsuit. 42 U.S.C. 2000e-5(b), (f)(1); 29 C.F.R. §§ 1601.28(b)(3), (e)(1). The undisputed facts establish that Plaintiff's right to sue letter was dated on June 4, 2007 and mailed to Plaintiff's counsel on June 5, 2007. (Pl. Dep. Ex. 19). In the absence of documentary or other evidence as to when Mr. Nelms' office received the letter, the Eleventh Circuit will infer that such was received no later than June 7, 2007. See Kerr, 427 F.3d at 953 n.9. This action was filed 97 days later, on September 12, 2007. (See Compl.) Even when construing the evidence and making inferences in the light most favorable to Plaintiff, this lawsuit was not timely filed. As such, Cracker Barrel is entitled to judgment as a matter of law.

Respectfully submitted this 28th day of April, 2008.

11

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Six Concourse Parkway
Suite 3100
Atlanta, Georgia 30328
Phone: 678.406.8700
Fax:  678.406.8816

/s/ David E. Gevertz
David E. Gevertz, Esq.
*Admitted pro hac vice*
Georgia Bar No. 292430
Email: dgevertz@bakerdonelson.com

Stephen P. Pocalyko, Esq.
*Admitted pro hac vice*
Georgia Bar No. 582602
Email: spocalyko@bakerdonelson.com

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1600 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: 205.328.0480
Fax:  205.322.8007

Harriet Ivy, Esq.
Alabama State Bar No. 2901T531
Email: hivy@bakerdonelson.com

*Attorneys for Defendant*
*Cracker Barrel Old Country Store, Inc.*

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**JEROME KELLEY**   )
         )
 Plaintiff,    )
         )  **Civil Case No. 2:07-CV-820-MEF**
**v.**        )
         )
**CRACKER BARREL OLD** )
**COUNTRY STORE, INC.** )
         )
 Defendant.   )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following CM/ECF counsel of record:

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
847 So. McDonough St., #100, Montgomery, AL 36104
andynelms@andersonnelms.com

This 28th day of April, 2008.

/s/ David E. Gevertz
David E. Gevertz, Esq.
Georgia Bar No. 292430

13